C. SAMUEL REDFERN

*v.*

DORA C. McNAUL.

*Opinion filed April 17, 1899.*

1. BILLS OF EXCEPTION—*statements in bill construed against appellant.* A statement in a bill of exceptions prepared by defendant, which does not contain the evidence, that "plaintiff tendered evidence tending to support the various hypotheses set forth in the plaintiff's instructions," must prevail over a subsequent statement in the bill that a certain hypothesis in one of such instructions had no basis in evidence.

2. SAME—*the bill of exceptions is construed against the appellant.* The bill of exceptions is to be construed against the appellant whose pleading it is and who is responsible for its contradictions.

*Redfern* v. *McNaul,* 79 Ill. App. 232, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, for appellant.

PHELPS & CLELAND, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court affirmed the judgment entered by the superior court of Cook county in favor of appellee, against appellant, in this action of assumpsit on the common counts. The bill of exceptions does not contain the evidence, but states that "plaintiff tendered evidence tending to support the various hypotheses set forth in the plaintiff's instructions," and from them we learn that plaintiff sued to recover money given defendant as her share to purchase a stock of goods for their joint ownership and not applied to that purpose. The court gave three instructions at the request of the plaintiff, and the giving of them furnishes the only ground of complaint. They correctly state the law, and as there was evidence tending to prove the facts stated in them, plaintiff had a right to have them given to the jury. (*Kendall* v. *Brown*, 74 Ill. 232; *Eames* v. *Rend*, 105 id. 506.) One fact included in the hypotheses set forth in the second and third instructions is, that defendant knew the money given him for the purchase of the stock was the property of plaintiff, and the bill of exceptions, in addition to the statement that the evidence tended to prove these hypotheses, says that there was no evidence that defendant knew anything about the origin of the money. One statement is entitled to as much weight as the other, and the bill of exceptions being the pleading of appellant, he is responsible for the contradiction and it is to be construed against him, and the statement that there was evidence tending to prove the fact must be adopted. (*Rogers* v. *Hall*, 3 Scam. 5.) The second and third instructions, which directed a verdict, embraced every fact necessary to a recovery, and none of the instructions are subject to the objections made that they single out facts and give them undue prominence, or that they are argumentative.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*