CHICAGO—FIRST DISTRICT—JULY, 1909. 179

Seehausen Wehrs & Co. v. Interstate S. and I. Co., 150 Ill. App. 179.

## Seehausen Wehrs & Company, Plaintiff in Error, v. Interstate Steel and Iron Company, Defendant in Error.

### Gen. No. 15,589.

1. MUNICIPAL COURT ACT—*when transcript insufficient for review.* An instrument which does not comply with the Municipal Court Act so that it may be regarded either as an actual report of the proceedings in the trial court or as a correct statement of the matters and things essential to enable a review and which is not attested or verified to be either such a report or statement, will be stricken from the transcript.

2. MUNICIPAL COURT—*function and construction of statement or report required for purposes of review.* A bill of exceptions filed pursuant to the provisions of the Municipal Court Act, like other bills of exceptions is to be treated as the pleading of the party presenting it and to be construed most strongly against such party. In fourth class cases no exceptions are required to be taken to preserve a question for review, and, therefore, no bill of exceptions is essential to obtain such review, but the statement or report provided by statute as a substitute for the bill of exceptions performs the functions of a bill of exceptions and the rules of construction which apply to bills of exceptions are to be applied to such statements or reports.

3. MUNICIPAL COURT—*procedure to review judgments of.* The manner of reviewing judgments of the Municipal Court being prescribed by statute, to avail of such proceedings the provisions of the statute must be strictly followed.

4. STATUTORY LAW—*construction of, by implication.* Courts may perfect statutory enactments by necessary implications, that is, such implications as may be found to be required in order to carry out the express provisions; but courts may not by implication, intendment or inference, add to or deduct from, or change or vary, the express provisions.

Error to the Municipal Court of Chicago; the Hon. JOHN F. GILLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Motion allowed. Opinion filed July 16, 1909.

**Statement by the Court.** Defendant in error has moved this court to strike from the record filed herein that part thereof which, judging by the verbiage of the certification of the judge thereto, was intended to be a bill of exceptions. By a certification of the clerk

of the court below, designating it as a bill of exceptions, that instrument has been incorporated into the record filed here. It is to be inferred that plaintiff in error prepared it and designed it to be so incorporated as and for a compliance with the requirement of item sixth of section 23 of the Municipal Court Act; that is, as either: A correct statement of the facts appearing upon the trial and of all questions of law involved in the case and the decision of the court upon such questions of law, or as a correct stenographic report of the proceedings in the case as either party may desire to have reviewed. These are the only two instruments (in lieu of bills of exceptions which are eliminated in cases of the fourth class) provided for in the Municipal Court Act, to be signed and placed on file by the trial judge for the purpose of review of the court's judgments in cases of the fourth class.

The Municipal Court Act, so far as now material, provides, in section 23: "That the final orders and judgments of the Municipal Court in cases of the fourth class * * * shall be reviewed by writ of error only. * * * The manner of prosecuting such writ shall be as follows: * * *

"SIXTH: Upon application made * * * it shall be the duty of the judge * * * to sign and place on file in the case * * * if so requested by either of the parties, * * * either a correct statement, to be prepared by the party requesting the signing of the same, of the facts appearing upon the trial * * * and of all questions of law involved in such case, and the decisions of the court upon such questions of law, or, if such party shall so elect, a correct stenographic report of the proceedings at the trial, and a correct statement of such other proceedings in the case as such party may desire to have reviewed. * * * Such statement, or such original report * * * together with a certified copy of the judgment * * * shall be certified to the Supreme Court or Appellate Court * * * as the record to be considered upon the review * * * .

"NINTH: In all other particulars the practice in writs of error to the Municipal Court in cases of the fourth and fifth classes shall be the same, as near as may be, as the practice in writs of error to Circuit Courts in similar cases."

Section 38 of the act provides for review of cases of the first, second and third classes by way of either appeal or writ of error. As to these classes the act provides for the use of bills of exceptions, in the making up of a record for review, and, in that, as well as some other respects, the act distinguishes and differentiates between the review of cases in the first three classes and the fourth and fifth classes, created by the act.

This suit is one of the fourth class.

The writing inserted in the record contended to be in substantial compliance with item sixth, aforesaid, has an introduction as follows: "Be it remembered that on the trial of this cause, had before the Honorable John H. Gillan, sitting as judge of said court, on March 9th, 1909, the following proceedings were had," and proceeds, then, with statements that certain things were admitted by defendant; that, thereupon, defendant "in order to sustain the set-off," produced certain named witnesses who "said" or "testified" certain specified matters and things; that certain exhibits were introduced in evidence; that thereupon defendant rested; that, thereupon, on behalf of plaintiffs, certain named witnesses testified to certain specified matters and things; and, that, thereupon, plaintiffs rested. That the court then found the issues for the defendant under its plea of set-off and assessed damages against the plaintiff in the sum of $411.14 and rendered judgment therefor. That, thereafter, on March 16, 1909, plaintiff moved to vacate the judgment that had been entered and in support of the motion filed certain affidavits, which are set up in words and figures. That "thereupon Mr. Morris on behalf of defendant exhibited to the court" a certain paper set up in full. That the court then stated that if defendant would remit $63.30 and "offer in open court to

return the belt" in question the motion for a new trial would be overruled and that, defendant having consented, the court overruled the motion "and gave judgment in favor of the defendant under its plea of set-off and against the plaintiff *nunc pro tunc,* as of March 29th, 1909, in the sum of $347.84."

The writing then concludes with a certificate as follows: "And forasmuch therefore as the matters above set forth do not fully appear of record the plaintiffs tender this bill of exceptions and pray that the same may be signed and sealed, by the judge of this court, pursuant to the statute in said case made; which is accordingly done this 27th day of April, 1909.

John H. Gillan,   (Seal.)

Judge."

There is nothing in this certificate, or elsewhere in the instrument, to indicate that the instrument contains all the evidence offered or introduced by the parties at the trial.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for plaintiff in error.

GOLDSMITH & MORRIS, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

We are of the opinion that the instrument in question, which the clerk designates as a bill of exceptions, is not verified or attested, or even asserted, to be either such statement or report as the sixth item of section 23 requires and that, for that reason, it complies with the statute in neither substance nor form, and that, consequently, the motion to strike the same must be allowed. As a part of "the record to be considered" upon review, in these fourth class cases, the statute provides for the incorporation therein of a certain statement, which shall be a correct statement of certain matters and things, or of a certain report, which shall be a correct report of certain matters and things. The instrument here incorporated into the record is

in nowise attested or verified to be either such statement or such report. Neither is it stated, attested or verified to be correct, as either such statement or report. By no word or expression to be found in either the instrument itself or in the record elsewhere does the trial judge assert anything, or assume any responsibility, as to the instrument being a full and correct statement of the facts in the case, of all questions of law involved and the decision of the judge upon these questions, which elements the statute clearly contemplates shall appear when the statement method is followed. Of course, when neither the party preparing the statement nor his adversary desires to raise any question of law in the court of review, then that feature of the statement may be omitted. When the statement method is followed, the adversary has no opportunity to supply an additional statement of the facts or questions of law that he may desire to have appear, as he has, by the express terms of the statute, when the report method is followed. Hence there is a greater necessity for certainty or assurance to this court, when the statement method is adopted than when the report method is followed, that the statement of the facts, or, when the facts are in sharp controversy, of the condition of the case in respect to the facts, be full and complete as well as correct. The instrument before us, however, purports to be neither a complete and correct statement of the facts nor a correct stenographic report, and these are the only kinds of instruments the statute permits, as the foundation for judicial action by this court on review. Upon what legal ground or principle must this court regard a writing, signed and placed on file, to be something no one asserts it to be or what no one will assume the responsibility of saying that it is? We do not believe in hampering or encumbering judicial proceedings with formalities. Decidedly the contrary. But proceedings, whereupon property interests of greater and of less importance to litigants depend, should, in principle, be founded upon some certainty in the records

184    APPELLATE COURTS OF ILLINOIS.

Seehausen Wehrs & Co. v. Interstate S. and I. Co., 150 Ill. App. 179.

thereof. Licensing, and thereby encouraging, loose-
ness in records to such a degree as to presume, with-
out any one's say so, that a fundamental record, or a
part thereof, is correct, authentic and complete, would
establish a practice dangerous in the highest degree.
Who is responsible for the omission, in such case as
this, if the insufficiency of the instrument has arisen
because of an omission, and to whom, according to the
principles of the law, must the omission be charged?
Since the earliest period of the administration of law
by the Supreme Court of this state it has been a rule
governing our courts "that the bill of exceptions is not
to be considered as a writing of the judge, but is to be
esteemed as a pleading of the party," and that "if
liable to the charge of ambiguity, uncertainty or omis-
sion, it ought, like any other pleading, to be construed
most strongly against the party who prepared it."
Rogers v. Hall, 4 Ill. (3 Scam.) 6. In that case the
court threw the burden of responsibility for omis-
sion upon the appellant and said: "The party guilty
of the omission must be the sufferer, and not the op-
posite party." The rule was approved in McKee v.
Ingalls, 5 Ill. 30, 34, and again in Cummings v. Mc-
Kinney, 5 Ill. 57, 60, where the court expressed its
regrets at being compelled to decide the case, in view
of "the loose and unsatisfactory manner in which the
bill of exceptions is made out." In Wright v. Smith,
82 Ill. 527, the Supreme Court adhered to the rule and
applied it in an instance where the bill of exceptions
was silent in a certain particular. The record showed
that on motion of plaintiff's counsel all testimony re-
lating to a chattel mortgage was excluded. Whether
or not any reason was assigned for the motion did not
appear. It was held that the silence in this respect re-
quired the court to assume that the reasons for the mo-
tion were not disclosed. So, in the case at bar, absence
of or silence in respect to any statement that the writ-
ing involved was such an one or held such contents as
the statute required does not justify the assumption
or presumption that the contents are such. In Redfern

CHICAGO—FIRST DISTRICT—JULY, 1909.  185

Seehausen Wehrs & Co. v. Interstate S. and I. Co., 150 Ill. App. 179.

v. McNaul, 179 Ill. 203, the rule of Rogers v. Hall was approved, and, there being a conflict of statement in the bill of exceptions, the court held: "One statement is entitled to as much weight as the other, and the bill of exceptions being the pleading of appellant, he is responsible for the contradiction and it is to be construed against him." It is our opinion that when the statement method provided for, in item sixth aforementioned, is followed it must affirmatively be made to appear by certification or upon the face of such statement that it is full and complete in respect to the statutory requirements as herein pointed out.

As the caption of the instrument before us contains the statement that "the following proceedings were had," it may be conceded that correctness must be implied, in so far as "proceedings" are shown by the instrument. Even that concession does not make the instrument such a statement as the statute requires as a foundation for action by this court. An attestation that the proceedings appearing in the instrument are correctly shown is not the equivalent of an attestation, as required, that the instrument is a "correct statement * * * of the facts appearing upon the trial," etc. That the instrument, incorporated by the clerk into the record, is such statement as the statute requires must not be left to conjecture, presumption or assumption, but must be shown by proper authentication or attestation. The fact of the instrument being the statement or the report the statute requires cannot be regarded as of less importance than the signing thereof within proper time. In Burst v. Wayne, 13 Ill. 664, it was held, in respect to the taking and signing of the bill of exceptions in proper time, that it must appear on the face of the bill, affirmatively, that it was taken and signed in proper time. This rule has since been followed in several cases, for instance, Traction Co. v. Hansen, 125 Ill. App. 153, 157, and is well established. Upon the principle and authority of the cases hereinbefore cited this court, under the law, is prohibited from indulging, in favor

of plaintiff in error, in the conjecture or assumption that the instrument here involved is, what it does not even purport to be, a statement or a report such as the statute expressly requires.

This newly enacted statute dispenses with the taking of exceptions to the rulings and decisions of the court in fourth class cases and provides for a review without them. There is, therefore, no occasion for a bill of exceptions in cases of this class. Recognizing, however, the necessity that a record must be made up for the submission of the questions involved to the reviewing court in some form, the statute substitutes for the bill of exceptions two methods, that is, a statement for preserving "the facts," "all questions of law involved" and "the decisions of the court upon such questions of law," or a correct stenographic report. Whichever may be adopted, a statement or a report, it is, as where a bill of exceptions is used, to be prepared and presented by the party desiring it for use. The statute eliminates the bill of exceptions in the fourth class cases and in express terms prescribes that the manner of prosecuting this statutory writ of error shall be by the use of a statement of a certain character or of a report of a certain character to be prepared by a party and signed and filed by the trial judge. A different situation arises, owing to these new statutory enactments, but, as near as the altered circumstances will permit, the statement or the report performs the office of the eliminated bill of exceptions. By clear analogy to the rule in respect to bills of exceptions, the statement or report must be regarded as the pleading of the party preparing and tendering it, and upon that party alone rests the responsibility for omissions.

The view being adopted that the particular instrument here involved is not such a statement or report as the statute contemplates, then it follows, necessarily, that there is in this record no such statement and no such report as the statute requires. This court then, if it considered the case upon the incompetent

Seehausen Wehrs & Co. v. Interstate S. and I. Co., 150 Ill. App. 179.

instrument in the record, would, indeed, be denying to defendant in error that due process of law which both the state and the federal constitutions guarantee to him. We have no warrant of law for reviewing the judgments of the Municipal Court, certainly none for reversing that court, upon a representation of the proceedings therein other than or different from the kind and manner of record the statute prescribes.

Unquestionably the legislature had the power to grant, regulate and control the privilege of review by appeal or writ of error in respect to judgments of the Municipal Court. The power of the legislature in that respect is subject to but slight restriction. The legislature provided for review of the judgments of the Municipal Court of the fourth class by way of writ of error. That is, the statute created the privilege, and specified the manner in which plaintiffs might avail themselves of the privilege, of the prosecution of this writ for the review of the judgment of the court below. Therefore, using the language of our Supreme Court, "This proceeding not being according to the course of the common law but statutory, merely, must be governed by the law prescribed for such proceedings." Hart v. West Chicago Park Comrs., 186 Ill. 464, 466, 469. The law requires either a particular "correct" statement or a particular "correct" report, before we are authorized to review. May we, rightfully, assume any writing placed before us that may have attached the name of the trial judge to be either the one or the other of these instruments? If we may not, why may we assume the writing now before us to be one of the required instruments?

When a privilege is given to persons by statute, such as the privilege here given of review of an adverse judgment, they are bound, in order to avail themselves thereof, to follow strictly the provisions of the statute. In such case the rule is *strictissimi juris*. Whatever the resulting inconvenience to the party, it is in such case, to be regarded as more than compensated by the privilege granted by the statute. The jurisdiction

188 APPELLATE COURTS OF ILLINOIS.

The People v. Artesian Stone and Lime Wks. Co., 150 Ill. App. 188.

which this court exercises in a proceeding such as this proceeding in error is a special statutory jurisdiction, founded only upon the statute. This jurisdiction cannot be legally exercised except within the terms of the statute and upon such record as the statute prescribes. Where in a proceeding purely statutory the statute does not allow for the exercise of discretion in respect to the specified mode of procedure, the courts cannot rightfully interpose their discretion.

While statutory enactments may be perfected by necessary implications, i. e., such implications as may be found to be required in order to carry out the express provisions, courts may not, by implication, intendment or inference, add to or deduct from or change or vary the express provisions. A recognition by this court of the instrument involved in the present motion as such a statement or such a report as the statute prescribes would be a disregard of the statute. We cannot indulge in the presumption that the instrument is what on its face it does not purport to be and what no one asserts it to be.

The motion to strike will be allowed.

*Motion allowed.*