Matteo Zustovich, Defendant in Error, v. Charles E. Morrison, Trustee of the Estate of Ezekiel Morrison, Plaintiff in Error.

## Gen. No. 15,798.

MUNICIPAL COURT—*when bill of exceptions not stricken.* *Held,* that while the certificate to the bill of exceptions in question was subject to criticism, it was, however, sufficient, and, therefore, the motion to strike should be denied.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Motion denied. Opinion filed November 23, 1909.

BUELL & ABBEY, for plaintiff in error.

ARTHUR C. BACHRACH, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Defendant in error presents his motion that the writing called a bill of exceptions, part of the transcript of the record filed in this case, be stricken from the record. This is a fourth class case. The ground upon which the motion is based is that the certification by the trial judge is not within either of the two classes of certifications provided for by part six, section 23 of the Municipal Court Act. Reliance is placed upon Seehausen, Wehr & Co. v. Interstate Steel and Iron Co., 150 Ill. App. 179. A careful reading of the statute above referred to would probably have resulted in a better form of certificate. We, however, are of the opinion that as it is shown by the certification of the trial judge, at the commencement of the bill of exceptions, that "on the trial of this cause the following proceedings were had," and later therein that the statement in question here contains all the evidence, there-

fore this case does not come within the rule laid down in the Seehausen case. The motion to strike will therefore be denied.

*Motion denied.*