**Albert E. Samuels, Defendant in Error, v. The Life Association of America, Plaintiff in Error.**

**Gen. No. 14,796.**

1. MUNICIPAL COURT—*what equivalent to stenographic report.* A bill of exceptions purporting to show the proceedings upon the trial will be accepted in lieu of the "stenographic report" provided for by the Municipal Court Act. *Held,* likewise, that the bill of exceptions in question in this case sufficiently showed all of the proceedings sought to be reviewed.

2. CONTRACTS—*when false representations do not justify rescission.* False representations as to matters future and false representations as to matters not relied upon do not justify rescission.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the October term, 1908. Reversed. Opinion filed December 23, 1909. Rehearing denied January 10, 1910.

SAMUEL A. HARPER, for plaintiff in error.

BENJAMIN C. BACHRACH and ARTHUR C. BACHRACH, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant in error brought an action of the fourth class in the Municipal Court against plaintiff in error and Ernst, its agent, to recover $733.18 paid by him to plaintiff in error as and for the first premium on a policy of insurance for $20,000 on his life, on the ground that he was induced to apply for and accept said policy through the false and fraudulent representations of defendants, and that on discovering that he had been defrauded he rescinded the contract.

The instrument incorporated into the transcript and designated in the certificate of the trial judge, a "bill of exceptions," purports to set out the proceedings "on the hearing" of said cause before the court, without a jury. It states that "the plaintiff introduced the following evidence," and then sets out questions of counsel and answers of the witnesses, and concludes with the statement of plaintiff's counsel: "We rest." It then sets out the testimony for the defendants and concludes with the statement of defendant's counsel: "That is all." It then states that the plaintiff was recalled and gave the testimony therein set forth, and that at the close of his examination plaintiff's counsel again said, "We rest." We think that the statements in the instrument are equivalent to an express statement that it contains all the evidence heard in the cause and the proceedings on the trial. Mullin v. Johnson, 98 Ill. App. 621, and cases there cited. The instrument must be regarded as the substantial equivalent of the "stenographic report of the evidence and proceedings on the trial" mentioned in the sixth clause of section 23 of the Municipal Court Act, and the motion of defendant in error to strike the same from the transcript will be denied.

The plaintiff, in Chicago, made an application in writing to the defendant, The Life Association of

America, in New York City, for a policy of insurance on his life for $20,000. The application contained the following: "I hereby agree that all representations and agreements made by or with the Association, or the agent taking this application, are reduced to writing herein and made a part of this application and the policy issued hereunder." By the application plaintiff applied for a certain kind of policy, "with premiums of $1,047.40, $733.18 payable annually in advance." The application was forwarded by the agent who took the same to the Association in New York, was accepted and a policy issued and sent to the agent in Chicago. The agent tendered the policy to the plaintiff, who requested that the agent leave the policy with him a few days, so that he could have some one look it over to see if it was all right. The provision of the policy as to premiums is as follows: "In consideration of the annual premium of one thousand forty-seven and 40/100 dollars, and of the payment of a like amount upon each twenty-first day of February hereafter until the death of the Insured." On the back of the policy are the following endorsements:
"Annual premium $1,047.40,
Due Feby. 21st.
Net annual premium $733.18."
After plaintiff's attorneys had examined the policy, plaintiff accepted it and gave his check for $733.18, payable to the order of said Association, and the Association delivered to him a receipt for the same. The application further states that it was agreed between the agent and plaintiff that plaintiff might purchase twenty shares of stock at $40 per share. On the payment of said premium the Association sent plaintiff an instrument in writing, signed by its president, giving plaintiff the option to purchase twenty shares of the capital stock of the Association at $40 per share, at the expiration of three years from the date thereof, provided said policy should then be in force and the premium thereon paid for the ensuing year. About January 18, 1908, plaintiff received notice that the sec-

ond premium of $1,047.40 would be due February 21. January 25 the president of defendant wrote plaintiff in answer to his letter that he had the right, at his option, to take a loan from the company of thirty per cent of the premium, amounting to $314.22, which sum with interest would be deducted from the policy at his death, or he might pay the entire premium of $1,047.40 in cash. This, the plaintiff testified, was the first notice or knowledge that he had that a loan had been made to him on his policy of thirty per cent of the first premium. February 17, 1908, plaintiff notified the defendant that he rescinded the contract and demanded the return of the first premium. March 5, 1908, this suit was brought.

The false representations relied on as giving the plaintiff the right to rescind the contract and recover the premium paid, are representations made by Ernst, the agent of the Association, in January, 1907. The only alleged false representations made by Ernst that we deem it material to consider are the representations in reference to the amount of the premiums to be paid by the plaintiff to the Association.

We think that the jury might from the evidence properly find that Ernst represented to defendant that the profits on the shares of stock he was given an option to purchase would, from the time he obtained his insurance, be laid away, and at the end of three years, on the payment of the fourth premium, he would get his stock free; that the Association gave all stockholders a reduction of thirty per cent on their premiums; that plaintiff's insurance would cost $733.18 per year. The representations as to future dividends on the stock may be disregarded, because they relate to the future. In substance the representations of Ernst may be regarded as a representation that plaintiff, because of his option to buy said stock, became entitled to be regarded as a stockholder; that stockholders were given a reduction of thirty per cent on their premiums, and that therefore plaintiff's policy for $20,000 would cost him $733.18 instead of

$1,047.40. In fact no such reduction was made to stockholders, and no such reduction could lawfully be made.

Plaintiff expressly agreed in his application that all representations made by the agent taking his application were reduced to writing and made a part of the application and of the policy, and the application contains no reference to any discount or reduction from the premiums to stockholders. The application states that plaintiff desired a policy for $20,000, "with annual premiums of $1,047.40, $733.18 payable annually in advance." The policy states that it is issued "in consideration of the annual premium of $1,047.40 and the payment of a like amount each year." The policy was submitted to the plaintiff for examination and was examined by plaintiff's attorneys before it was accepted by plaintiff and the first premium paid. A copy of the application was attached to the policy. There is no evidence tending to show that the plaintiff was misled or deceived as to the contents of either the application or the policy.

In the opinion of the majority of the court, not including the writer of this opinion, the representation of Ernst that plaintiff's insurance would cost him $733.18 per year, though false, when considered in connection with the other evidence cannot be held to give plaintiff the right to rescind the contract and recover the premium paid. The judgment of the Municipal Court will therefore be reversed.

*Reversed.*