International Forwarding Company, Defendant in Error, v. F. Rosati & Company, Plaintiff in Error.

Gen. No. 16,235.

1. RES JUDICATA—*what essential to defense of.* Identity of parties in the pending and former actions is essential to the defense of *res judicata*.

2. MUNICIPAL COURT—*when common law record only subject to review.* If no stenographic report or statement of facts is filed as provided by the statute, and a bill of exceptions which does not purport to contain all the evidence is filed in lieu thereof, there is nothing subject to review by the Appellate Court other than the common law record.

Assumpsit. Error to Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 16, 1910.

CAIROLI GIGLIOTTI, for plaintiff in error.

ALBERT H. FRY, for defendant in error.

340     APPELLATE COURTS OF ILLINOIS.

International Forwarding Co. v. F. Rosati & Co., 156 Ill. App. 339.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The writ of error sued out in this case seeks a reversal of a judgment of the Municipal Court for $91 and costs.

Defendant's application to have the writ of error operate as a supersedeas has been denied.

Plaintiff's claim is for storage and lighterage of 80 barrels of wine shipped from Italy on the S. S. "Moltke" to the port of New York, and for certain U. S. custom duties paid by plaintiff on this wine while acting in the matter as custom house brokers for defendant. There was a contract between the parties fixing the carrying charges, but the items in suit do not embrace any such charge. The U. S. custom officials on the arrival of the barrels of wine put them in a government bonded warehouse to await the arrival of the invoice, so that duties might be fixed and paid and the wine cleared of the customs in the usual way. Neither storage, lighterage nor duties were embraced in the carrying contract. Defendant interposed the defense of *res adjudicata* and grounded it on the judgment in a suit in the Municipal Court, in which defendant in error was defendant and F. Rosati and D. Matone, doing business as Rosati & Matone, were plaintiffs, and in which case plaintiff in this suit, defendant in that, was awarded a judgment of *nil capiat* and for costs. It is a complete answer to the contention that the doctrine of *res adjudicata* is invokable to say that the record fails to show, even by implication, if such was permissible, that Rosati & Matone are the same persons as F. Rosati & Co., the defendant in this suit, or that the litigation was between the same parties who prosecute and defend this cause. Still, from the evidence in the record we are inclined to the opinion that the conclusion of the Municipal Court does justice between the parties upon the merits.

There however exists an insuperable obstacle to our reversing the judgment under review. The document found in the record and certified by the trial judge as a bill of exceptions, is not such a bill of exceptions as authorizes this court to reverse the cause upon the merits, because it does not

certify that it contains all the evidence adduced upon the trial. Nor is it pretended that the document certified as a bill of exceptions contains a correct stenographic report or a complete statement of facts as contemplated by the Municipal Court Act in cases of the fourth class, to which class this case belongs. In the Municipal Court Act there is no provision for a bill of exceptions in fourth and fifth class cases, but where all the evidence appears in a document so certified we have at times treated such a bill of exceptions as practically fulfilling the essentials of a stenographic report. The so-called bill of exceptions is not a bill of exceptions, nor is it a stenographic report or a statement of fact, and consequently the record does not bring anything before us for review but the common law record.

Failing to find any error in the common law record calling for our interference with the judgment of the Municipal Court, that judgment is affirmed.

*Affirmed.*