E. D. Lewis, Defendant in Error, v. Richheimer & Company, Plaintiff in Error.

## Gen. No. 15,338.

1. JUDGMENTS—*effect of entry in absence of counsel.* The court has power to enter judgment in the absence of counsel for one of the parties; if his absence was not shown to have been justified a refusal to vacate the judgment entered is not an abuse of discretion.

2. MUNICIPAL COURT—*when bill of exceptions not stricken. Held,* that the bill of exceptions in this case while informal was a sufficient compliance with the statute authorizing the filing of a stenographic report inasmuch as such bill of exceptions contained the certificate of the judge that it contained "all the evidence presented at the hearing of the cause."

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in this court at the March term, 1909. Reversed and judgment here. Opinion filed October 20, 1910.

ALFRED LIVINGSTON, for plaintiff in error.

WINSTON, LOWY & McGINN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This writ of error seeks to reverse a judgment of the Municipal Court in favor of plaintiff and against defendant for $344.03. The cause was by agreement of the parties tried before the court without the intervention of a jury. Plaintiff was in the employ of defendant at a salary of $300 per month, and the suit is for money claimed to be due as salary and a few odd items, together with an additional $25 per month which plaintiff claims was due him for seven months and fourteen days. This latter sum plaintiff contends is payable in virtue of a conversation which he had with defendant January 1, 1908, his version of which we find in his testimony to be that he had "a conversation with defendant in which it was said that I should have in addition to the $300 per month the sum of $25 per month for the purpose of giving the same to or buying the trade, and an agreement for compensation was entered into. I was given credit for only $300 per month and I was never given credit for the $25 per month or any part thereof." Plaintiff was discharged by letter from defendant August 8th, and secured other employment six days thereafter. On the other hand, defendant denied that he promised plaintiff the additional $25 per month as claimed by him, but that he was allowed to give "to the trade" a sum not exceeding $25 per month. The evidence of the contestants is all that is found in the record concerning this part of plaintiff's claim. It follows that plaintiff fails to sustain his claim by that quantum of proof which the law demands as essential to a recovery.

The trial of this case was fragmentary and not continuous, as becomes the orderly trial of the ordinary case, and the judgment was finally entered in the absence of defendant and his counsel. But that was the fault of the counsel and not of the presiding judge. The further hearing had been regularly continued to the time at which final action was taken and counsel should have been present; but he saw fit to absent himself and engage in a bankruptcy hearing before Referee Eastman. This he did at his peril. Defendant claims that having presented the dilemma of his

counsel to the judge's minute clerk, the latter told him he might be excused, and thereupon defendant left the court. The clerk was not called to substantiate such statement. However, that officer had no power to control the action of the judge. To continue the hearing necessitated an order of the court. The presiding judge was the only person who had the power or authority to make such an order. We do not find any abuse of judicial discretion in the refusal of the trial judge to allow the motion of defendant to set aside the judgment and to permit defendant to continue, at another time, with his defense. Defendant had his day in court and frittered away his opportunity to make his defense, and it is useless now to complain of the result of his own negligence.

The transcript from defendant's book account found in the record was not evidence and had no rightful place in the statement of the case made by the judge. While it was agreed defendant might prepare such a transcript, still plaintiff, so far from agreeing that it might be introduced in evidence, clearly reserved his right to cross examine defendant's bookkeeper in relation to the account, and to test it by the book itself, and to examine the book and all its items for that purpose when the trial again proceeded.

The motion to strike the statement or bill of exceptions reserved to the hearing is denied. While the statement is informal, the judge certifies that it contains "all of the evidence presented at the hearing of said cause," and we think this equivalent to and fulfills the essential and material functions of the stenographic report provided for in item 6 of section 23 of the Municipal Court Act. We think this case plainly distinguishable from Seehausen Wehrs & Co. v. Interstate Steel & Iron Co., 150 Ill. App. 179, in which the court say that the alleged bill of exceptions was "not verified or attested or even asserted to be either such statement or report as the sixth item of section 23 requires, and that, for that reason, it complies with the statute in neither substance nor form."

The judgment of the Municipal Court including, as it

does, the unproven claim of plaintiff for the extra $25 per month for seven months and fourteen days, is $186.69 in excess of the amount plaintiff has proven himself entitled to recover. The judgment of the Municipal Court is therefore reversed and a judgment entered here for $157.34 in favor of plaintiff and against defendant; plaintiff to pay the costs of this court and the defendant the costs of the Municipal Court.

*Reversed and judgment here.*