Sophia E. Hamilton, Defendant in Error, v. Clarence A. Tuttle, Plaintiff in Error.

Gen. No. 15,182.

Municipal court—*when judgment not set aside on review.* A judgment rendered by the Municipal Court will not be set aside on review unless the Appellate Court is satisfied that the same "is contrary to the law and the evidence" or that the same "resulted from substantial errors * * * directly affecting the matters at issue between the parties."

Assumpsit. Error to the Municipal Court of Chicago; the Hon. Frederick L. Fake, Jr., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed October 21, 1910.

Steere, Williams & Steere, for plaintiff in error.

P. H. Bishop, for defendant in error.

Mr. Justice Smith delivered the opinion of the court.

The plaintiff, Sophia E. Hamilton, defendant in error, brought suit in the Municipal Court against Clarence A. Tuttle, defendant, plaintiff in error, to recover three months' rent for a certain apartment at $135 per month, and recovered judgment for $405 from which this writ of error is prosecuted. The evidence offered by the plaintiff in the action tended to show that John Hamilton, former owner of the premises, leased the same by a written lease to John C. Carroll from June 1, 1905, to April 30, 1908, at $135 per

month; that after taking possession under the lease Carroll died, and his widow, Marion Carroll, continued to occupy the apartment until March, 1906, when she as executrix of her husband's will, assigned the lease to the defendant Tuttle, who occupied and assumed the lease and agreed to make all payments and perform all covenants and conditions of the lease on the part of the lessee. The defendant entered into the possession of the premises and paid all rent up to February 1, 1908, to the defendant in error, as landlord who had acquired title to the premises. Defendant vacated the premises in the latter part of January, 1908, and declined to pay any further rent.

The plaintiff in error contends that he rented the apartment from the plaintiff below direct through her agent, and that he paid three months rent in advance to the agent upon his oral agreement to make out a lease and send it to him; that the lease was never made out and executed by the landlord, and that plaintiff in error occupied the premises as a tenant from month to month, paid the rent to January 31, 1908, when he moved out and delivered the keys to the landlord's agent who accepted them; and therefore he is not liable for the rent sued for.

Upon a consideration of the evidence we are of the opinion that the contentions of the plaintiff in error are not sustained and that the judgment of the Municipal Court is right and must be affirmed.

The evidence shows that there was an assignment of the lease to plaintiff in error with the assumption of the payment of the rent by the plaintiff in error, and with the consent of the defendant in error who accepted the plaintiff in error as her tenant and received the rent from him as it matured.

From an examination of the record we are not satisfied that the "judgment is contrary to the law and the evidence, or that such order or judgment resulted from substantial errors of the Municipal Court directly affecting the matters at issue between the parties" and, therefore, the judgment must be affirmed (sec. 23 Municipal Court Act).

*Affirmed.*