## C. A. Finch, Defendant in Error, v. Wisconsin Dairy Farms Company, Plaintiff in Error.

## Gen. No. 16,227.

1. MUNICIPAL COURT—*effect of dismissal of co-defendant in action upon contract.* In a case where there are no written pleadings, upon the failure of the evidence to establish joint liability upon the part of the defendants, a dismissal of one of such defendants does not affect the right to proceed to judgment against the other defendant if the facts show a cause of action against him.

2. MUNICIPAL COURT—*when judgment not reversed.* A judgment of the Municipal Court will not be reversed if it appears that substantial justice between the parties has been done.

Error to the Municipal Court of Chicago; the HON. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 20, 1912.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; JOHN C. SLADE, of counsel.

WILLIAM SLACK, for defendant in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendant in error, Finch, a butter manufacturer of Michigan, brought an action of the fourth class in the Municipal Court of Chicago against the Wisconsin Dairy Farms Company, plaintiff in error, and one Robert A. N. Blatz, to recover for thirty-three tubs of butter shipped in December, 1908, by Finch to the Company, then doing business on South Water street, Chicago, Illinois. A trial was had resulting in a verdict in favor of Finch for $524.21, Blatz being dismissed out of the suit at the time of the trial. Upon the trial, plaintiff in error conceded that it was indebted to Finch on account of the butter in the sum of $266.32. The court below overruled a motion for

a new trial, and entered judgment, to reverse which the Company have brought the case here upon a writ of error.

The statement of the claim originally filed was for $700, "the same being the reasonable value of thirty-three tubs of butter converted by the defendants to their use, and in the like sum for money had and received from the sale of said tubs of butter." Before the trial the statement of claim was amended by the addition that plaintiff's claim was for the sum of $700, "same being the reasonable value of thirty-three tubs of butter, sold and delivered by the plaintiff to the defendants at their request, and a like sum for interest on moneys withheld."

The plaintiff in error here contends: First,—that the preponderance of evidence was in favor of its contention that it only owed the sum of $266.32, instead of $524.21, for which the verdict was rendered; second,—that the court erred in admitting in evidence two certain postal cards, dated February 3rd and February 24th respectively, both being subsequent to the transactions involved in this suit; third,—that the court erred in refusing to instruct the jury as requested by the Company that the burden was upon Finch to prove negligence on the part of the company by a preponderance of the evidence; fourth,—that the verdict of the jury was not supported by the statement of claim filed on behalf of Finch; fifth,—that the action was one in assumpsit, and that the voluntary dismissal by plaintiff of Blatz in a joint action, was, in law, a dismissal of both, and, therefore, the judgment against the Company was erroneous.

It appears from the testimony, that Finch received letters at his place of business in Michigan from the Wisconsin Dairy Farms Company, Chicago, soliciting his business, and expressing the ability and willingness of the Company to procure the highest price possible for him therefor, stating their charges for

the services to be ½c per pound for handling, and offering to pay cash at once; that during the month of December, 1908, Finch made three shipments to the Company, a total of thirty-three tubs of butter, aggregating about 2000 pounds; that, not receiving any pay for the butter, correspondence followed, extending through January and into February, with the result that Finch finally brought suit on the 25th of March, 1909. It was claimed by the Company that the butter was much below standard, resulting in their being obliged to sell it at a low price, and that, too, they were compelled to repack a portion of it in small parcels with a view to aid in its sale. The Company wrote Finch, enclosing a statement of account, showing $257.93 due him, and a check therefor, which Finch declined to accept and returned to the Company. At the trial the court instructed the jury that under the correspondence received in evidence, "the contract between the plaintiff and the defendant was not one of sale, but was a contract for sale upon commission," and this instruction was given by agreement of the parties made in open court.

As to the contentions of the plaintiff in error that the verdict of the jury was not supported by the statement of claim, and that the voluntary dismissal of Blatz out of the suit, constituted a dismissal as to both, it is sufficient answer to say, that in Edgerton v. Chicago, Rock Island & Pacific Ry. Co., 240 Ill. 311, our Supreme Court has construed the law otherwise. In that case the suit was brought originally against the Rock Island Company only; later the Hoosac Tunnel Co. and the Wabash Railroad Co. were joined as defendants. After hearing, the suit was dismissed by the court as to the two latter defendants; the statement of claim was made in form as if it were an action on a contract. The court said: "It is conceded by all the parties that if this were an action on contract, on the facts as stated here, all parties defendant being

served, the judgment must be entered against all the defendants or none" (citing cases), "and that in order to have this judgment stand against one of the defendants only, this must be held to be an action in tort. As to this class of cases under the Municipal Court Act, where no written pleadings are required, the same rule will govern as controls the form of actions before justices of the peace. We have held that 'it is the well settled practice that in such courts (i.e., where written pleadings are not required), the party suing need not even name his action, or if misnamed, that will not affect his rights, if upon hearing the evidence he appears to be entitled to recover and the court had jurisdiction of the defendant and of the subject-matter of the litigation.' " (Citing various cases.) We regard this authority as disposing of these two propositions.

As to the admission of the postal cards in question, there is one phase of the case upon which they were properly admitted in evidence; in any event, we do not think the cards are of sufficient importance that their admission constituted reversible error.

Coming now to the main contention in the case; there is no denial that Finch shipped and the defendant Company received substantially two thousand pounds of butter. The real controversy grows out of the subsequent conduct of the defendant Company in relation to the selling of and accounting for it, the Company insisting that the butter was very inferior and that they had very great difficulty in disposing of it, even at the very low price at which they claim a portion of it was sold, and that some portion was still unsold at the time the action was brought; that to facilitate the sale they had caused a portion of the butter to be taken from the original tubs and packed into prints, thus involving expense and trouble for which they claim the right to deduct from the price received for the butter sold. On the other hand, Finch contends that under the arrangements between the parties and

the Company's treatment of the whole affair, the Company became liable to him for the value of the butter, either upon the theory that the Company was a purchaser from him, or that they had converted the butter to their own use, and thereby became liable for its value.

It is true that, by agreement of counsel for both sides, the court instructed the jury that, under the correspondence received in evidence, the contract between the plaintiff and the defendant was not one of sale but was a contract for sale upon commission, yet the fact remains, that, under the testimony it is reasonably clear that both parties treated and considered the transaction as a sale or conversion by the Company, and, therefore, it became material to determine what the butter was really worth. Upon the facts the jury found it to be worth $524.21, while plaintiff in error conceded that it was worth $266.32. The testimony was sharply conflicting, and, after a careful examination of the testimony heard, we cannot say that the verdict was manifestly against the weight of the evidence. Under our statutes relating to the Municipal Court, this court should not reverse a judgment of that court in this class of cases, provided we are of the opinion that substantial justice has been done. Having reached the conclusion that substantial justice between the parties has been done in this case, the judgment will be affirmed.

*Judgment affirmed.*