## Cooke Brewing Company, Defendant in Error, v. M. J. Mitchell, Plaintiff in Error.

### Gen. No. 17,770.

1. APPEALS AND ERRORS—*statement of facts.* Under sub-section 6 of section 23 of the Municipal Court Act, where a statement of facts containing in narrative form the testimony given, with objections and exceptions, is certified by the trial judge as "a correct statement of the evidence heard in said cause and of the facts appearing upon the trial thereof," the instrument must be regarded as the substantial equivalent of the "stenographic report of the evidence and proceedings at the trial."

2. APPEALS AND ERRORS—*bill of exceptions.* Where a bill of exceptions is presented to the trial court at such time that it can be filed within the time provided by the order of the court, the party will not be prejudiced by the neglect or delay of the judge to sign the bill until after the expiration of the time fixed, and if the date of presentation appears on the bill when signed and sealed, it can be ordered filed *nunc pro tunc* as of such date.

3. APPEALS AND ERRORS—*substantial errors.* Under sub-section 7 of section 23 of the Municipal Court Act, where the evidence is conflicting, no judgment shall be reversed unless the Appellate Court is satisfied from the stenographic report that the judgment is contrary to the law and the evidence, or that it resulted from substantial errors of said court directly affecting the matters at issue.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 13, 1913.

JAMES R. GLASS and R. B. CLARK, for plaintiff in error.

HARRY A. DAUGHERTY, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On April 14, 1911, defendant in error, plaintiff below, commenced an action of the fourth class in the Municipal Court of Chicago against plaintiff in error, defendant below. Plaintiff's claim was on a promissory note, signed by defendant, for $800, dated February 20, 1895, payable on or before two years after date to the order of "M. Madden," with interest at the rate of five and one-half per cent. per annum, payable semi-annually. On the back of the note were endorsements as to nine payments of interest—the last of which endorsements was "interest paid to March 26, 1902." Underneath was the endorsement "M. Madden", and underneath that was the further endorsement: "September 9th, paid on this note three hundred dollars". The defendant filed an affidavit of merits in which he stated that he verily believed he had a good defense, upon the merits, to the whole of the plaintiff's demand; that his defense was (1) that the note had been fully paid and satisfied, (2) that the same had not been transferred to plaintiff for any consideration, (3) that the same had been placed with plaintiff by Madden for safe keeping after maturity, but that at no time had it been endorsed or transferred by him. The case was tried before the court without a jury, resulting in a finding in favor of plaintiff and the assessment of plaintiff's damages at $748.85, upon which finding judgment was entered. Defendant seeks by this writ of error to reverse the judgment.

The judgment was entered on July 22, 1911, and on that day the court ordered that the amount of the stay of execution bond be fixed at $1,000 and that the same be filed within thirty days, and further ordered that the defendant have sixty days in which to file a "bill of exceptions." The bond was filed and approved within said thirty days. Before the expiration of said sixty days, to-wit: on September 20, 1911, defendant presented to the trial judge an instrument, which is described by the clerk of the court in the transcript before us as a "Statement of Facts," and the trial judge over his signature endorsed it as follows: "Presented to me for my signature this 20th day of September, A. D. 1911." Subsequently, as appears from the instrument, the trial judge over his signature endorsed it: "Signed and placed on file by me this 28th day of September, A. D. 1911, as of Sep. 20, 1911," and the clerk endorsed it as filed "Sept. 28, 1911," It is contended by counsel for plaintiff that the so-called "Statement of Facts" cannot be considered by this court, inasmuch as it was not filed within the time required, and no order was procured allowing it to be filed *nunc pro tunc* as of September 20th. We cannot agree with this contention. "The rule is, that if a bill of exceptions is presented to the trial judge at such time that it can be filed within the time provided by the order of the court, the party will not be prejudiced by the neglect or delay of the judge to sign the bill until after the time fixed for that purpose has expired. If the date of presentation appears on the bill when it is signed and sealed it can be filed *nunc pro tunc* as of the date of such presentation. * * * As a matter of proper practice, * * * an order should have been procured filing it as of that date. At the most, however, the failure to do this was only an irregularity and does not render the bill of exceptions void." T. E. Hill Co. v. U. S. Fidelity & Guaranty Co., 250 Ill. 242, 245, 247.

It is further contended by counsel for plaintiff that

the so-called "Statement of Facts," as certified to by
the trial judge, is insufficient, inasmuch as the same
is neither "a correct statement  *  *  * of the facts
appearing upon the trial thereof and of all questions
of law involved in such case and the decisions of the
court upon such questions of law," nor "a correct
stenographic report of the proceedings at the trial,"
as provided in sub-section 6 of section 23 of the Mu-
nicipal Court Act, relating to the review of the final
orders and judgments of that court in cases of the
fourth class and certain cases of the fifth class. The
trial judge certified "that the above and foregoing is
a correct statement of the evidence heard in said cause
and of the facts appearing upon the trial thereof;"
and it is argued by counsel that the certificate does
not recite that the "above and foregoing" is a cor-
rect statement of *all* the evidence heard and of *all* the
facts appearing upon the trial.

The instrument which is so certified to by the trial
judge purports to set out the proceedings on the
"hearing" before the court without a jury. It states
that the plaintiff introduced the note and thereupon
"rested." The original note so introduced is physi-
cally attached at an appropriate place to the page.
The instrument then states that the defendant "intro-
duced the following evidence". It then states in nar-
rative form what the defendant, M. J. Mitchell, testi-
fied to, over objection and exception of plaintiff, upon
direct examination, and what he testified to on cross-
examination. It then states in narrative form what
Michael Madden, a witness for defendant, testified to
on direct examination, over objection and exception,
and what on cross-examination, and what George
Cooke, a witness called by plaintiff in rebuttal, testi-
fied to on direct examination and on cross-examina-
tion. It then states that plaintiff introduced, over
objection and exception, a letter-press copy of a certain
letter mentioned by Cooke in his testimony. The copy

so introduced is physically attached to the page. The instrument then states "which was all the evidence given in said cause," and then follows the certificate of the trial judge, above mentioned. We are of the opinion that it sufficiently appears that the instrument contains all the evidence heard and all the facts appearing at the trial upon which the court rendered its findings, and that the contention of plaintiff's counsel is without merit. "The instrument must be regarded as the substantial equivalent of the 'stenographic report of the evidence and proceedings at the trial' * * *." Samuels v. Life Ass'n of America, 152 Ill. App. 245, 246. See also Zustovich v. Morrison, 151 Ill. App. 526; Lewis v. Richheimer & Co., 157 Ill. App. 231, 233; International Forwarding Co. v. Rosati & Co., 156 Ill. App. 339, 341.

Counsel for defendant contend that the finding is manifestly against the weight of the evidence. It appears from the so-called statement of facts that plaintiff offered the note in evidence and rested its case. The defendant then testified in his own behalf that Madden, the payee, was his brother-in-law; that Madden had boarded with him since about 1888; that "soon after" the date of the last interest payment, March 26, 1902, (he did not say when) he entered into an agreement with Madden for the payment of the balance due by furnishing board and room to Madden at the rate of $25 per month; that payment of said note "had been made by being taken out in board and rooming" (he did not say when); that when the note had been so paid he did not ask Madden to surrender it, did not make any effort to obtain possession of it, and did not know where it was; that he did not know in whose handwriting the body of the note was (signature excepted), but that he "thought perhaps it might be his wife's;" that he heard nothing further about said note until the year 1911, when he received a letter from an attorney for plaintiff demanding payment,

that he never knew that said note had been transferred by Madden to anyone; that he never saw the note after the time that the last interest endorsem.nt was made, but that at that time Madden's name was not endorsed on the note.

M. Madden, the payee, called on behalf of defendant, testified that interest was paid by defendant on the note up to March 26, 1902; that about that date he agreed with the defendant that the balance due on said note should be paid by the defendant's giving him board and lodging at defendant's home at the rate of $25 per month; that said balance was so paid in room and board (he did not say when); that "subsequent to" March 26, 1902, (he did not say when) he turned over for "safe keeping" the said note to "one Ryan," bookkeeper of plaintiff company, from which company he, Madden, as a saloon keeper, was then buying his beer; that at the time he did not owe plaintiff anything, and had no further transactions with plaintiff until "about" the year 1905; that at the time he so turned over the note it did not have his name endorsed thereon, as now appears; that he never endorsed the note, never authorized any person to endorse it for him, and never ratified said endorsement.

George Cooke, president of plaintiff company, testified on behalf of plaintiff in rebuttal that he was president of the company in the year 1904; that Madden was then indebted to plaintiff in the sum of from $300 to $500; that during said year Madden came to his office and delivered said note to him to secure Madden's account, Madden telling him "to get what he could out of it" and that the note was unpaid, except as shown by the endorsements; that subsequently he gave the note to an attorney of plaintiff to collect, who returned the note to him, together with a letter-press copy of a letter directed to defendant; that said note now is in the same condition as it was at the time Madden delivered the same to him (Cooke), and that said note and account had never been paid.

No useful purpose will be served in commenting upon this conflicting testimony. Suffice it to say, that after a careful review of this case we are not disposed to disturb the finding of the trial judge, who saw the witnesses on the stand. We cannot say that the finding is manifestly against the weight of the evidence. No objection is made as to the amount of the finding. Neither can we say that the finding and judgment is contrary to the law, or that the court on the trial committed any errors prejudicial to the defendant. "No order or judgment * * * shall be reversed unless the * * * Appellate Court * * * shall be satisfied from said statement or stenographic report * * * that such order or judgment is contrary to the law and the evidence, or that such order or judgment resulted from substantial errors of said Municipal Court directly affecting the matters at issue between the parties." Sub-sec. 7, sec. 23, Municipal Court Act; Dahl v. MacDonald Engineering Co., 141 Ill. App. 187; Hamilton v. Tuttle, 157 Ill. App. 345. The judgment is accordingly affirmed.

*Affirmed.*