## Peter Herdien, Trustee, Defendant in Error, v. A. L. Jones, Plaintiff in Error.

## Gen. No. 21,302.

1.   MUNICIPAL COURT OF CHICAGO, § 14*—*when new promise to pay debt barred by statute of limitations is admissible.* Evidence of a new promise made by the defendant, within the period of the statute of limitations, *held* admissible in an action in the Municipal Court of Chicago, though on the face of the statement of claim it appeared that the claim was barred by the statute and though the defendant set up the statute as a defense in his affidavit of merits and the plaintiff did not reply thereto, since, under rule 21 of the Municipal Court Rules, matters so set up by way of defense are to be taken as denied, though the plaintiff files no pleading in reply thereto.

2.   APPEAL AND ERROR, § 1744*—*when judgment should not be disturbed.* Where it appears from an examination of the record that substantial justice has been done between the parties, a judgment should not be disturbed on appeal.

3.   PRINCIPAL AND AGENT, § 199*—*when authority of agent cannot be disputed by principal.* In an action by a grain broker to recover money advanced to the defendant on account of transactions on the Chicago Board of Trade, made by the plaintiff on the defendant's orders, where the evidence tended to show that the first order was given by the defendant personally and subsequent orders given by the plaintiff's agent were ratified by the defendant, *held* that the claim that the agent had no authority to bind the defendant was untenable as a defense.

4.   LIMITATION OF ACTIONS, § 117*—*when evidence sufficient to prove new promise.* In an action by a grain broker to recover money advanced to the defendant on account of transactions on the Chicago Board of Trade, made by the plaintiff on the defendant's orders, evidence *held* sufficient to justify a finding that defendant had made a new promise to pay such amount after the claim was barred by the statute of limitations.

5.   LIMITATION OF ACTIONS, § 115*—*when promise to pay barred claim may be implied.* A promise to pay a debt barred by the statute of limitations may be implied from an unqualified admission, that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Herdien v. Jones, 202 Ill. App. 172.

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1915.   Affirmed.   Opinion filed December 13, 1916.

OLSEN & BOORD, for plaintiff in error; CLARENCE N. BOORD, of counsel.

CULVER, ANDREWS, KING & COOK, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff as trustee in bankruptcy of the W. A. Fraser Company brought an action in the Municipal Court of Chicago against the defendant to recover for moneys advanced by said company for the defendant at his request.   The cause was submitted to the court without a jury, and from a judgment of $530.75 in favor of the plaintiff, the defendant prosecutes this writ of error.

The case went to trial on plaintiff's amended statement of claim and defendant's affidavit of merits. Plaintiff claimed that the Fraser Company had advanced certain sums for the defendant in purchasing and selling wheat on the Chicago Board of Trade at defendant's request.   In his affidavit of merits, the defendant specifically denied that the Fraser Company bought or sold any wheat for the defendant and denied that said company had advanced any sums of money for him.   It further set up that the claim did not accrue within five years of the commencement of the suit, and was therefore barred by the statute of limitations.   No further pleadings were filed in the case. On the trial the defendant moved the court "to sustain the defendant's plea of the statute of limitations, * * * and that the plaintiff be not allowed to offer

any testimony in this cause." The motion was overruled.

The evidence tends to show that W. A. Fraser Company, a corporation, had been engaged in buying and selling grain on the Chicago Board of Trade; that William Nims (who died before the trial) solicited orders for the purchase and sale of grain from the defendant, which were executed by the Fraser Company; that the Fraser Company had bought and sold for the defendant at different times several thousand bushels of wheat, and that in so doing they advanced for the defendant for insurance, and loss incurred, the several sums for which this suit was brought. It also appeared that one of the items mentioned in the statement of claim of $51.25 included commissions charged by the Fraser Company, the exact amount of which does not appear. The evidence further tends to show that when Nims gave the Fraser Company the first order on behalf of the defendant, the order was refused on the ground that the defendant was already indebted to the Fraser Company in the sum of $197; that a representative of the company advised the defendant to this effect; that the defendant thereupon stated he would pay the amount due and asked the Fraser Company to accept the order, which it did; that afterwards as each order was accepted and executed the Fraser Company notified the defendant; that representatives of the Fraser Company called on the defendant from time to time and endeavored to collect the account and failing to collect the amount the matter was turned over to an attorney. The Fraser Company subsequently went into bankruptcy and its trustee instituted this suit.

To obviate the bar of the statute of limitations plaintiff offered evidence tending to show that the defendant had made a new promise within five years to pay the account. When this evidence was offered, the de-

fendant objected on the ground that plaintiff had not filed an affidavit in reply to his affidavit of merits specifically setting up the new promise, and it now contends that the evidence was erroneously admitted in the absence of such affidavit. In support of this contention, the defendant argues that as it appeared on the face of the statement of claim that each item was barred, and as plaintiff had filed no reply to the defense of the statute of limitations under the rules of the Municipal Court, no evidence was admissible tending to show a new promise within five years. Rule 21 of the Municipal Court, so far as material to the question now under consideration, provides: "If the plaintiff does not file any affidavit in reply to the defendant's affidavit of merits of defense, he shall be considered to have joined issues thereon, and such joinder of issue shall operate as a denial of every material allegation of fact in the defendant's affidavit of merits upon which issue is so joined, but the plaintiff may file an affidavit in reply setting up special facts, and in that event his reply will operate as a denial of the facts not admitted. Any subsequent affidavit (if any) filed by the defendant by way of rejoinder, or by the plaintiff by way of surrejoinder, shall be subject to the same rules as the plaintiff's affidavit in reply. No affidavit shall materially change the nature of the cause of action or defense as set forth in the prior statement of claim or affidavit in that line of pleading, of the same party, but may set up new matter by way of confession and avoidance." The affidavit of merits stated that plaintiff's cause of action did not accrue within five years next preceding the commencement of the suit, and under rule 21 this stood denied by the plaintiff. This general denial was sufficient to permit the introduction of evidence to sustain a new promise. "When the *statute of limitations* has been pleaded, either that the defendant did not under-

take, or that the cause of action did not accrue, within six years 'before the exhibiting of the plaintiff's bill,' and the plaintiff could prove a promise or acknowledgment within that time, the replication might deny the *plea generally* and conclude to the country." 1 Chitty's Pleading (14th Am. Ed.) *583. Furthermore it appears from an examination of the record that substantial justice has been done between the parties, and in such case the judgment should not be disturbed. *Finch v. Wisconsin Dairy Farms Co.*, 167 Ill. App. 400; *Cooke Brewing Co. v. Mitchell*, 177 Ill. App. 378.

The defendant next contends that it was incumbent upon plaintiff to show that Nims had authority to bind the defendant in giving the orders, and that the evidence does not meet this requirement. This contention is unsound for the reason that there was evidence tending to show that the first order was given by the defendant to the Fraser Company over the telephone, and that the other orders were all ratified by the defendant.

It is further contended that the evidence was insufficient to establish a new promise by the defendant to pay the account so as to take the case out of the statute. The witness Brunswick testified that he called on the defendant as a representative of the Fraser Company at defendant's residence during the latter part of 1910, or the fore part of 1911, and demanded payment of the balance due; that defendant replied that he did not have the money but expected to receive some soon and that he would then take care of the account. The witness Williams testified that he called on the defendant in the spring of 1913, presented a statement of the account and demanded payment; that the defendant said he was a little hard up; that he would settle the account, but he "couldn't pay it just then." This testimony was contradicted by the defendant. We think there was sufficient evidence, if be-

lieved by the court, to sustain the finding that a new promise had been made. In order to take a case out of the statute of limitations, there must be a promise to pay the debt. Such promise may be implied from an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay. *Ayers v. Richards*, 12 Ill. 146.

Defendant further contends that the judgment is not sustained by the evidence, in that it fails to show what part of the several items is made up of losses, insurance indemnities and commission, and that the account set up in the statement of claim is not proven. We have carefully examined all the evidence in the record and are of the opinion that this contention is untenable.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*