## George Sneed, Appellee, v. Charles V. Parker, Appellant.

Opinion filed June 4, 1931.

MILEY & COMBE and SCERIAL THOMPSON, for appellant.

D. F. RUMSEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In 1921, appellee was a tenant in possession of 20 or 25 acres of land upon which he had raised a crop

of corn. In September of that year, appellant purchased the land and procured a deed from the landlord. There can be no question but that appellee was entitled to his share of the crop of corn. When he started to gather the corn appellant procured an injunction, gathered the corn and converted it to his own use. Some time later, and long before the statute of limitations had run, appellant told his employee, Robert Gross, to go to the courthouse and see appellee and see if he could not settle with appellee for the corn, pay him for it, get it out of the way, or words to that effect. It is quite evident that Mr. Gross would have paid appellee for the corn at that time if he had then had the weights. It was then agreed that Mr. Gross would get the weights and take them to the office of the attorney for appellee so that the matter could be settled the next morning. In the meantime appellant talked to Mr. Gross and suggested that there was a line dispute between him and appellee and that Mr. Gross should also try to settle that matter at the same time. No settlement was reached but we think the evidence shows that there was no controversy then existing between the parties as to appellant's liability for the corn.

Appellee testified that on several occasions he spoke to appellant about the matter and that appellant promised to pay him for the corn. After the statute had run appellee asked appellant when he was going to settle and pay him for that corn and appellant said that he would be ready to settle any day after Monday. An unqualified admission that the debt was due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, is sufficient to revive the debt against the statute of limitations. *West Publishing Co. v. Lasley,* 165 Ill. App. 256; *Herdien v. Jones,* 202 Ill. App. 172.

In our opinion the evidence was sufficient to show an unqualified admission that the debt was due and un-

paid, and there was nothing said or done to repute the presumption of a promise to pay it. There was no error in the giving or refusing of instructions and the judgment is affirmed.

*Affirmed.*