Thomas N. Hunt, Defendant in Error, v. William M. Keating, Plaintiff in Error.

Gen. No. 22,268.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916.

Statement of the Case.

Action by Thomas N. Hunt, plaintiff, against William M. Keating, defendant, in the Municipal Court of Chicago, to recover damages sustained by defendant's alleged fraud and deceit, whereby plaintiff was induced to purchase defendant's laundry business. To reverse a judgment for plaintiff for $1,000, defendant prosecutes this writ of error.

COLEMAN S. EVERETT, for plaintiff in error.

JOEL C. CARLSON, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## · Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13a*—*how defect of variance in statement of claim must be taken advantage of.* Where there is a variance or a dual statement of cause of action in a statement of claim in the Municipal Court of Chicago, such defects can be taken advantage of only by a motion to strike, accompanied by a statement of the reasons therefor made to the trial judge, and a mere motion to strike, without giving reasons, is not sufficient.

2. MUNICIPAL COURT OF CHICAGO, § 13a*—*when defects in statement of claim are cured by verdict.* Defects in a statement of claim in the Municipal Court of Chicago which could have been cured by amendment are cured by verdict if not seasonably and properly objected to.

3. APPEAL AND ERROR, § 1459*—*when errors in rulings on evidence not cause for reversal.* Errors in rulings on evidence in a case tried by jury will not cause a reversal where such errors are not material to the issue and do not affect the ultimate merits of the case.

4. SALES, § 350*—*when evidence sufficient to sustain verdict for plaintiff.* In an action to recover damages sustained by reason of defendant's alleged fraud and deceit in the sale of a laundry business, evidence *held* sufficient to sustain a verdict for plaintiff.

5. WITNESSES, § 253*—*what is province of jury as to credibility of.* It is the province of the jury to say from all the evidence which of the witnesses in their judgment are worthy of belief, and to find a verdict accordingly.

6. FRAUD, § 18*—*what constitutes fraudulent representation.* Where plaintiff and defendant negotiated in regard to a purchase of a laundry business, and plaintiff expressed an intention to call in a laundryman to look the property over, a statement by defendant that it was not necessary and that if things were not as represented defendant would take the laundry off plaintiff's hands or find plaintiff a customer for it, on which plaintiff relied, is a fraudulent representation, on the assumed verity of which plaintiff had a right to rely, and which excused him from making the intended investigation.

7. WITNESSES, § 253*—*when testimony of party may be disbelieved.* Where the veracity of a party to an action is impeached by the testimony of other witnesses, the jury have the right to disbelieve his testimony where it is in conflict with that of the opposing party and his witnesses.

8. SALES, § 350*—*when evidence sufficient to show fraud by seller.* In an action to recover for damages sustained by reason

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of defendant's alleged fraud and deceit in the sale of a laundry business, evidence *held* to sustain a finding that the representations constituting the fraud and deceit were proven, that the defendant knew they were false when made, and that they were made with the purpose of deceiving and defrauding the plaintiff.

9. Costs, § 73*—*when expense of filing additional abstract may be taxed against appellant.* Where the abstract of an appellant unfairly and designedly omits evidence sustaining the contentions of appellee, so that a fair consideration of the case requires appellee to file an additional abstract, the expense of such additional abstract will be taxed as costs.