Weinberger v. Werremeyer, 224 Ill. App. 217.

## Edwin Weinberger, Appellee, v. J. S. Werremeyer, trading as Ainslie Garage, Appellant.

### Gen. No. 26,879.

1. AUTOMOBILES AND GARAGES—*when servant of garage keeper guilty of negligence in delivering automobile to stranger.* The servant of a garage keeper was guilty of negligence in delivering an automobile in his charge to a stranger upon a forged order purporting to be signed by the owner of the automobile, which order did not even bear the owner's correct name.

2. AUTOMOBILES AND GARAGES—*sign posted in public garage as not relieving owner from liability for negligent acts.* A sign posted on a public garage, "Not responsible for fire—theft—or articles left in cars," did not relieve the owner of the garage from liability for the negligent acts of himself or his servants.

3. PLEADING—*signing of statement of claim and affidavit thereto by attorney for plaintiff.* Under section 55 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 55), the attorney for plaintiff is authorized to sign the statement of claim and affidavit thereto in behalf of plaintiff.

4. AUTOMOBILES AND GARAGES—*when statement of claim in action against garage keeper sufficient proof of damages.* In an action for damages for the loss of certain automobile parts due to defendant's negligence in delivering plaintiff's automobile, which was kept in defendant's garage, to a stranger on a forged order, the statement of claim, which alleged the amount of damages followed by an itemized list of the parts with figures opposite each item representing its value, was sufficient proof of damages, where it was not denied in the affidavit of merits, especially where the attention of the court was not called to any alleged insufficiencies in the statement of claim before the cause was submitted to the jury.

5. APPEAL AND ERROR—*when judgment not reversed because of errors as to evidence.* Where the evidence shows that plaintiff was entitled to recover the amount of the judgment, such errors as are claimed to have occurred in rulings on the admission of evidence should not cause a reversal of the judgment.

6. APPEAL AND ERROR—*when judgment reversed because of errors as to instructions.* When the evidence shows that plaintiff was entitled to recover the amount of the judgment, errors in the matter of instructions should not cause a reversal.

Appeal from the Municipal Court of Chicago; the Hon. SAMUEL H. TRUDE, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed January 23, 1922.

LIGHTHALL, DANKOWSKI & CARLSON, for appellant.

E. R. HARTIGAN, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

The defendant appeals from a judgment in favor of the plaintiff for the sum of $358.10 entered upon a verdict of a jury in a fourth-class action brought in the municipal court of Chicago to recover damages for the loss of certain automobile parts, which loss it is alleged was caused by defendant's negligence.

The statement of claim charged that on March 14, 1919, the defendant operated a garage at 4834 North Kedzie avenue, Chicago; that plaintiff kept his car therein at a monthly rental of $10; that on said date plaintiff delivered his automobile in good condition to defendant; that defendant neglected to take reasonable care of or to return the automobile in good condition on demand; that when, later, plaintiff recovered his car it was in a damaged and broken condition, and that "by reason thereof the following repairs and parts were installed in the said automobile, to the plaintiff's damage in the sum of $358.10"; then follows an itemized list of the parts installed with a column of figures opposite the items which were no doubt intended as a statement of the value of the missing parts of the car.

In an affidavit of merits filed by defendant the defenses made are that the loss of the parts of the automobile was not the result of any fault or negligence on the part of defendant, and that plaintiff had been notified by defendant that as a condition to plaintiff's renting of space in the garage he would be required to assume any and all risk of loss to the automobile by fire, theft, or otherwise while the same was stored or kept in defendant's garage.

There is no conflict in the evidence as to how plaintiff's losses occurred. As stated in the brief of de-

fendant, the evidence on the part of both parties is that plaintiff for some time prior to March 14, 1919, rented space in defendant's garage; that plaintiff took the car from the garage at any time he saw fit to do so; that on the evening of March 14 he left it there as usual and went home. It is admitted that defendant's nightman received a telephone call from a person who represented himself to be the plaintiff, to the effect that plaintiff's wife was ill and that he, the nightwatchman, was to deliver plaintiff's automobile to a man who would call for it; that a short time thereafter on the same night a man called at the garage with a written order addressed to the watchman, requesting him to deliver the car to the bearer. The stranger handed the note to the watchman, got into plaintiff's automobile and drove away.

We are not inclined to disagree with certain general propositions urged by defendant. The difficulty encountered in this case is, however, that the undisputed evidence tends to show that the defendant, through his employee, the nightwatchman, was in fact guilty of negligence. Without the slightest negligence of any sort on the part of plaintiff, his car was delivered by defendant's agent to a stranger upon a forged written order. It is our opinion that the mere statement of this fact shows that the defendant's nightwatchman was, unsuspectingly no doubt, a party to acts which resulted in loss to plaintiff. In the present case it is not important whether the loss of the automobile in question was occasioned by a technical theft or as the result of fraud, because the evidence establishes that the act which occasioned the loss to plaintiff could not have been completed had not defendant's agent unwittingly, but negligently, delivered plaintiff's car to a stranger on a forged written order, which did not even purport to bear plaintiff's true name. The order was signed, "Weinberg."

There is no merit in the point that defendant was

released from liability for the loss occasioned plaintiff because the latter had read a sign in the garage which bore the inscription following: "Not responsible for fire—theft—or articles left in cars." This notice did not and could not relieve defendant from liability for the negligent acts of himself or his servants.

Objections are made in this court, and apparently for the first time, to the statement of claim. It is said that excepting as to the amount of plaintiff's claim, all the allegations purport to be made by plaintiff's attorney. It is our opinion that under section 55 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 55) plaintiff's attorney was authorized to sign the statement and affidavit thereto on behalf of plaintiff.

It is also urged that no proof was introduced on the trial as to plaintiff's damages. The statement of claim in the absence of specific objections thereto in the trial court sufficiently describes the parts of the automobile alleged to have been lost, with the value thereof. Plaintiff's claim, as shown by the statement of claim, is not for unliquidated damages. This part of the statement is not denied in the affidavit of merits, and hence plaintiff was not called upon to submit proof of these allegations. In any event the attention of the trial court should have been called to the alleged insufficiencies of the statement of claim before the cause was submitted to the jury. *Hunt v. Keating,* 201 Ill. App. 587. The evidence introduced in the case shows that the plaintiff was entitled to recover the amount of the judgment. Such errors as are claimed to have occurred in rulings on the admission of evidence and instructions to the jury ought not to cause a reversal of the judgment.

In the case of *Finch v. Wisconsin Dairy Farms Co.,* 167 Ill. App. 400, it is said:

"Under our statutes relating to the municipal court, this court should not reverse a judgment of that court

in this class of cases, provided we are of the opinion that substantial justice has been done.''

The judgment of the municipal court is affirmed.

· *Affirmed.*

McSURELY and MATCHETT, JJ., concur.