# THE CATHOLIC BISHOP OF CHICAGO

*v.*

## AUGUST BAUER.

1. PLEADING—*when plaintiff may declare generally—contract.* While it is true that there is no liability by implication of law upon an express contract, executory in its provisions, yet where there has been full performance, and nothing remains to be done but the payment of the money; or where there has been only part performance, and the remainder has been waived or prevented, and the work performed has been accepted, a recovery may be had for the contract price of the service performed, under an *indebitatus assumpsit.*

2. LIMITATION—*from what time statute begins to run.* In a suit by a plaintiff to recover for services rendered as an architect, in which the statute of limitation was pleaded, it appeared that the plans were completed more than five years before suit was brought, but that he continued to act as architect, superintending the work on a church until within five years of bringing the suit, when he was discharged: *Held,* that the statute began to run only from the time of his discharge.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. MOORE & CAULFIELD, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was an action of assumpsit for work and labor.

It is insisted that there can be no recovery, under the common counts, as there was an express contract, and stipulated price, for the work performed.

There is no liability, by implication of law, upon an express contract, executory in its provisions. But when there has been full performance, and nothing remains to be done but the payment of the money ; or where there has been only part performance, and the remainder has been waived or prevented, and the work performed has been accepted, then, in either case,

recovery may be had for the contract price of the service per-
formed, under an *indebitatus assumpsit.*

In the case at bar, appellee had rendered all the service for
which he contracted, except to superintend the completion of
St. Peter's Church. He was prevented from doing this, and
was virtually discharged by the employment of another archi-
tect, who had the use and benefit of his complete plans.

The statute of limitations is next relied upon in bar of the
action. The plans for the inside finish of St. Peter's Church
were ordered in 1865, and were completed by appellee. They
were obtained from him by Father Fisher and the building
committee in 1866. Until that time appellee was the architect
of the church; and the statute had not run when the suit was
commenced, in July, 1870.

It is also contended that the judgment is not warranted by
the evidence. We have carefully reviewed the evidence, and
do not think that there is any ground to disturb the finding of
the court. This judgment is affirmed.

*Judgment affirmed.*