WILLIAM A. COULSON, ADMINISTRATOR, ETC,

v.

STATA B. HARTZ.

*Limitations—Whether Promise to Pay Implied from Admission of Indebtedness—Ledger Entry as Admission.*

Where a claim is presented by a widow against the estate of her deceased husband, and the defense avers that it was in part barred by the statute, *held*, that a ledger entry of a balance due the wife, made by the husband or by his direction, was, under the circumstances, such an admission that the amount there stated was due and unpaid, as would raise an implied promise to pay such amount and bar the statute.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Peoria County; the Hon. N. E. WORTHINGTON, Judge, presiding.

Messrs. JUDSON STARR and McCULLOCH & McCULLOCH, for appellant.

That part of the account preceding the balance struck January 18, 1886, is barred by the statute of limitations. The claim as presented, with the exception of one item on the credit side and three or four counter-balancing items, was more than five years old at the time of the death of the intestate. It is now claimed that the entry of these items on his books of account draws after them all the preceding items so as to do away with the bar of the statute of limitations. In this we think they have entirely failed, for the following reasons:

First. The rule never did prevail except in cases where there were mutual dealings calling for debits and credits between the parties. We do not now allude to the exception of accounts between merchants mentioned in the older statutes of limitation. Such exceptions have nothing to do with the present controversy. The rule as contended for by the appellee never did apply to any case, except as before stated, to those in which there were mutual dealings requiring the keeping of mutual accounts between the parties. Boyer v. Sweet, 3 Scam. 120.

But that rule has never been adopted in this State. In the case of Thompson v. Reed, Adm'x, 48 Ill. 118, it is said by Mr. Justice Lawrence that the tendency of modern decisions has been greatly to restrict the application of the doctrine of mutual credits to the statute of limitations; citing 2 Parsons on Contract, 351, and cases cited in the notes.

In Reeves v. Herr, Ex., 59 Ill. 81, it was decided that where all the items of an unliquidated account are on one side, the last item which happens to be within the statute of limitations will not draw after it those of a longer standing. To the same effect is Harris v. The Jackson County Ag'l Board, 9 Ill. App. 272.

The principle upon which the rule contended for rested

was, that the giving of the credit of one or more items
within a period of the statute of limitations amounted to
evidence of an acknowledgment of there being an open
account between the parties, and of a promise to pay the
balance when the same should be ascertained.  In Catling
v. Skoulding, 6 T. R. 189, which is the leading case upon
that subject, the rule was so stated by Lord Kenyon, who
rendered the decision.  In the note to 2 Parsons on Con-
tracts, cited as aforesaid, with approval by our Supreme
Court, it is said : "Perhaps this decision is consistent with
the views then prevailing in respect to new promises and
acknowledgments; but it is submitted that it can not be sus-
tained upon principle, since the decision in Tanner v. Smart,
in England (6 B. & C. 603), and Bell v. Morrison in this
country (1 Pet. 351).  And this is the view adopted by the
Supreme Court of New Hampshire, in Blair v. Drew, 6
N. H. 235."  The note then goes on to quote largely and
with approval from the opinion of Mr. Justice Parker in
the last cited case, which seems to us to be conclusive of
this question.

Following out the principle upon which our Supreme
Court rests the defense of the statute of limitations, namely,
that it is a statute of repose, and not merely a statute
which raises the presumption of payment from lapse of
time, the rule has become firmly established in this State,
that a mere admission of the existence of a debt will not
take it out of the statute of limitations; but in order to have
that effect, such admission must be of a sum certain to be
due to the plaintiff, accompanied by the promise to him or
his agent to pay the same, and that a promise made to a
third party is not sufficient for that purpose.  Norton v.
Colby, 52 Ill. 198; McGrew v. Forsyth, 80 Ill. 596; Teessen
v. Camblin, 1 Ill. App. 424; Katz v. Moessinger, 7 Ill. App.
536; McClintick v. Layman, 12 Ill. App. 356; Bassett v. No-
ble, 15 Ill. App. 360.

Where the book accounts of a defendant are introduced
as evidence against himself, it is upon the principle that
entries made therein are admissions made by him against
his own interests.   1 Greenleaf's Evidence, Sec. 120.

But it is nowhere held that such entries made upon one's own books are evidence of the existence of any previous debt unless such entries have reference to such previous debt.

Messrs. Hopkins & Hammond, for appellee.

It is urged by appellant that neither the statute, nor the common law, are so complied with as to authorize the introduction of these account books in evidence. But it will be observed that this case is not one to which the said statute and rules of the common law relate. They refer to cases in which a plaintiff seeks to make his own books evidence of a claim in his own favor, and prescribe the terms upon which he may do so. But, in this case, the plaintiff produces the defendant's books, with entries made by him upon them showing her claim admitted and stated by S. B. Hartz in his lifetime, in his own handwriting and by his authority. The admissibility of these books, to prove the issue, depends upon no statute but upon the general law of evidence. And by that, as we understand it, they are competent and very satisfactory admissions, and conclusive, unless the contrary is shown.

In 1 Phillips on Evidence, edition of 1868, p. 360 (marginal 439), the rule is thus stated:

"It is scarcely necessary to observe that where the party himself furnishes an account making against him, it is very satisfactory evidence of an admission. Such an account is an express admission if signed, and when not signed, yet, being proved to be in the defendant's handwriting, it is allowed to go to the jury against him. So any paper written by a party is evidence against him, though it be signed by a third party." Authorities are cited supporting the text.

In 1 Phillips on Evidence, p. 307 (marginal p. 377, first clause), it is said: "But the books of deceased persons are considered as sworn to and come with the same force as books supported by the oath of living parties. And the course, where a party has died, is to prove his handwriting," etc. Authorities are here also cited in support of the text.

It is further objected by appellant that the books, even if competent evidence and uncontradicted, do not prove enough to warrant a recovery.

The defense of the statute of limitations being interposed, appellant urges that even if the books are regarded as a full and unqualified admission of the indebtedness after the bar of the statute had run, still they do not contain a promise to pay the debt, and that such promise is a further necessity in order to take the claim out of the bar of the statute of limitations.

We do not understand the rule; but we understand the law to be that a clear admission of the debt, and that it is due and unpaid, made after limitation has run, unaccompanied by anything done or said at the time, in conflict with the admission, and from which an intention not to pay may be inferred, a promise to pay will be implied from such unqualified admission of the indebtedness.

The cases cited by appellant's brief to support the rule he contends for do not support it, but do support the rule we contend for.

In Carroll v. Forsyth, 69 Ill. 127, at p. 131, the court, by Mr. Justice Scholfield, say: "The law, as recognized by this court, is, that to remove the bar of the statute of limitations, it is incumbent on the plaintiff to prove  *  *  *  an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay. It must be of such a character as to show clearly the recognition of the debt and an intention to pay it." Citing Parsons v. Northern Illinois Coal & Iron Co., 38 Ill. 433; Ayers v. Richards, 12 Ill. 148; Norton v. Colby, 52 Ill. 199.

In the same case the court also quote and approve the rule, as stated by Judge Story in Rall v. Morrison, 1 Peters, 326, in this language: "If there be no express promise, but a promise to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to be certain and unqualified, and a direct admission of a previous subsisting debt which the party is liable and will-

ing to pay. If there be accompanying circumstances which repel the presumption of a purpose or intention to pay, or if the expressions be equivocal, vague or indeterminate, tending to no certain conclusion, but at best to probable inferences which affect different minds in different ways, we think they ought not to go to the jury as evidence of a new promise to renew the cause of action."

In Wachter v. Albee, 80 Ill. 47, the case of Kneer v. Creede, 19 Ill. 189, and Ayers v. Richards, 12 Ill. 147, are referred to and noted, and said case of Carroll v. Forsyth is alluded to by Mr. Justice Craig, speaking for the court, at p. 49, in this language : " And in the late case of Carroll v. Forsyth, 69 Ill. 127, it is held an express promise to pay must be proved, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay."

The case of Quayle v. Guild, Adm'r, 91 Ill. 378, cited by appellant's brief, is not in conflict with the doctrine aforesaid. In that case, at p. 385, bottom, and 384, top, the court, by Mr. Justice Sheldon, say: " In order to take a case out of the statute of limitations there must be a promise to pay the debt. It is not sufficient that the debtor admit the account to be correct, but he must have gone further and admitted that the debt was still due and had never been paid."

MR. JUSTICE CARTWRIGHT. Mrs. Stata B. Hartz filed in the Probate Court two claims against the estate of her deceased husband, Samuel B. Hartz. The claims were consolidated and tried and $3,300.73 was allowed. On appeal to the Circuit Court there was a trial by that court and $3,157.74 was allowed, and the administrator appealed. The proof of the amount allowed consisted of entries made by Samuel B. Hartz, or by his direction, in books of account kept by him. Two ledgers, two journals and a cash book were produced from the custody of his administrator, as his books of account, and the entries were contained in them. The statute of limitations was interposed as a defense. The

first item of the account as shown by the ledger was under the date of October 12, 1878, and the account contained subsequent items on each side down to January 18, 1886, when it was balanced for the first time, and showed a balance in favor of Mrs. Hartz of $4,917.94. This balance of $4,917.94 was carried forward into the new account which was started with that balance and continued with items on each side, the last of which was on January 21, 1887. The account was finally balanced January 27, 1887, showing a balance due Mrs. Hartz of $4,311.26. This balance was carried forward on the credit side of the ledger. The ledger account was entitled, " Mrs. Stata B. Hartz," and the final entry was as follows :

" 1887. Jan'y 27. By balance...............$4,311.26."

. The first balancing of the account was more than five years before the death of Samuel B. Hartz, but the last balancing and entry of the balance due Mrs. Hartz as well as some of the later items of the account were within such five years. This account, in connection with the entries of credits to Mrs. Hartz in the other books from which the same were posted to the ledger, was the evidence relied upon to establish the claim and take it out of the statute of limitations. It is claimed by appellant that the evidence was insufficient for such purposes.

The nature and uses of a ledger are well known. It is a book used for the purpose of keeping a summary of all the accounts which the person keeping it has with each person in whose name a ledger account is kept. It is the final book of account to which all the items of account are carried from the journals or other books containing items belonging to the account. The items so carried to the ledger account are there entered in their appropriate places so as to show in one place in that book the condition of the whole account with the particular person named. In keeping with such uses and purposes the ledger in question contained charges and credits brought from other books, and is to be presumed to show the condition of the whole account. When the balance was struck it was intended to show the

Coulson v. Hartz.

amount due appellee, and we think that it was rightly regarded as an admission that the balance of $4,311.26 was then due, owing and unpaid to her. An admission, wherever found, is admissible in evidence against the person making it. But it is insisted that in order to remove the bar of the statute of limitations an express promise to appellee to pay the amount was essential. It seems to be the rule that an express promise to pay is not necessary, but that an implied promise is a sufficient new promise to remove the bar of the statute. If the entry would be sufficient to establish the claim as an original transaction, no reason occurs to us why it would not be sufficient as a new promise. It is held that a promise will be implied from an unqualified admission that the debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it. In Ditch v. Vollhardt, 82 Ill. 134, an implied promise arising from a recognition of the debt and an express promise to pay part of it on a day named, was held sufficient, without any express promise to pay the balance. In Schmidt v. Pfau, 114 Ill. 494, it was held that the statement by Schmidt, " This matter of salary has not been settled yet—we owe you for three years' salary," clearly took the claim out of the statute, although the amount of the salary was in controversy. The balance in the ledger was an admission by which Samuel B. Hartz acknowledged without condition or qualification that the amount there entered was due to appellee and unpaid. From such admission it seems that a promise to pay may be fairly implied. The parties were husband and wife living together, and so far as appears he kept the only account between them. The ledger account was for their examination and inspection, to inform themselves of the condition of the account or for the purpose of settlement, but not for delivery to her. The account being entitled in her name we think was an admission to her, but not of a nature to be delivered to her to take effect. While it may be regarded the same as a writing addressed to her, it is not the same as a writing intended for delivery, but which has never been delivered. We think that

she will be presumed to have accepted and acted upon the admission and the promise implied therefrom.

Appellant proved that Mr. Hartz built an addition to the house in which he and appellee lived with his family, the title to which was in appellee, and that he expended $2,000 in building the same. There was no evidence that the money so spent was ever charged to appellee or that it was ever intended to charge her with it. There was no presumption that she was to repay it under those circumstances, and the court was right in refusing to allow it as a set-off. The judgment will be affirmed.

*Judgment affirmed.*

MR. JUSTICE HARKER, dissenting. I am unable to concur with the majority of the court. I think that part of the account preceding the balance struck January 18, 1886, was barred by the statute of limitations. I do not think that the balance entry of January 27, 1887, appearing upon the ledger of deceased, was sufficient to remove the bar of the statute. My associates are of the opinion that if the entry was sufficient to establish the claim as an original transaction, it would be sufficient as a new promise. It is upon this point that I disagree with them. I am unable to regard the entry as more than a bare admission, unaccompanied by any promise to pay. I do not understand that a mere acknowledgment of the correctness of an account, unaccompanied by a promise to pay, is sufficient to take it out of the operation of the statute. While I do not regard proof of an express promise as necessary, yet, as I read the decision of our Supreme Court, the rule is, that in order to take an account, already barred, out of the operation of the statute, nothing short of an express promise or circumstance showing an unqualified intention to pay will suffice. It is necessary, too, that the promise be made to the person to whom the barred debt was due or to some one authorized to act in his behalf. Ayers v. Richards, 12 Ill. 147; Keener v. Crull, 19 Ill. 189; Carroll v. Forsyth, 69 Ill. 127; Norton v. Colby, 52 Ill. 198; Wachter v. Albee, 80 Ill. 47; McGrew v. Forsyth, 80 Ill. 596.

It does not appear from the evidence that the fact of the entry was communicated to the claimant, nor that she knew anything about it until after the death of her husband. To my mind there were no such circumstances accompanying the entry as to warrant the inference of a promise to pay the debt.