JAMES O'HARA

*v.*

JOHN MURPHY.

*Opinion filed April 16, 1902—Rehearing denied June 10, 1902.*

1. LIMITATIONS—*when new promise sufficiently identifies the debt.* A promise, made by the debtor after suit begun to recover for services for a period of years, to pay the plaintiff "every cent he owed him," identifies the debt with sufficient certainty, in the absence of proof that there was any debt or account between the parties other than the one sued upon.

2. SAME—*new promise not to be construed as applying only to portion of debt not barred.* A promise by the defendant to a suit to recover for services for a period of years to pay the plaintiff every cent he owed him, will not be construed as applying only to such portion of the debt as is not barred by the Statute of Limitations.

3. SAME—*new promise is sufficient though amount is not fixed.* A new promise to pay a debt barred by the statute is sufficient, although it does not specify the amount to be paid, where the amount due is a matter of computation, which has not yet been made.

4. SAME—*when new promise is not made to a stranger.* If a debtor, after being sued, sends for a third party and directs her to tell the plaintiff that he will pay him every cent he owes him, the new promise is not made to a stranger, since the debtor makes the third party his agent to communicate the promise to the plaintiff.

*O'Hara* v. *Murphy,* 96 Ill. App. 577, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding.

This was an action of assumpsit brought by appellee, against appellant, in the circuit court of Christian county. The evidence showed that the appellee, John Murphy,

came to this country from Ireland in 1873, and went to live with appellant, James O'Hara, who had married his (Murphy's) sister; that he lived with O'Hara, working for him on his farm, until 1899, when they had a disagreement and appellee quit O'Hara's service. It appears that in 1880 they had a settlement, and that $50 was then due appellee; that they then made a contract by which O'Hara was to pay appellee as much per month by the year as other farm hands in the neighborhood were paid; that during the time appellee worked for appellant the latter promised appellee that he would purchase forty acres of land for him; that no settlement had since been made between them; that appellee received about $50 each year in money and clothing from appellant, but that neither of the parties kept any books or accounts in regard to the matter; that appellee lived in appellant's family, and that his washing and mending were done there; that at the time they had their disagreement and appellee quit, appellant told him he would pay him; that he would settle up with him and pay him every cent he owed him; that he did not want a cent of his money or anybody else's; that his word of honor was as good as his note, and that appellant made a similar statement about three years before to appellee. After this suit was brought appellant sent for appellee's sister, Margaret Carney, and told her to tell appellee he would settle with him and pay every cent he owed him. Appellant pleaded the Statute of Limitations and denied the contract and the promise to pay. The jury found for appellee and rendered a verdict for him, assessing his damages at $2691, which verdict was set aside, and on a new trial a verdict for $2355 was rendered and judgment entered on the same. On appeal to the Appellate Court for the Third District the judgment was affirmed, and appellant has further appealed to this court.

HOGAN & DRENNAN, for appellant.

J. C. & W. B. McBRIDE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant insists that the judgment should be reversed on the grounds that the contract alleged by the appellee is not supported by sufficient evidence, that the claim is barred by the Statute of Limitations, and that the trial court erred in giving and refusing instructions.

It is said by counsel that appellee lived with appellant as a member of his family, and that his special contract for pay for his services was not proved. There was sufficient evidence to go to the jury on this question, and we have no power to reverse the judgment of the Appellate Court affirming the finding below.

Appellant offered an instruction containing the statement "that there is no sufficient evidence to take this case out of the Statute of Limitations as to that part of the account or demand claimed to have accrued or been earned five years or more before the bringing of this suit," and directing the jury not to consider any services for such period, which instruction was refused. The point is argued at length by appellant, and we have examined the authorities cited in support of the argument, but they do not sustain his contention. Appellant's statement that he would settle up with appellee and pay him every cent he owed him identified the debt with sufficient certainty, as there was no proof that there was any other debt or account running between them other than the one sued on, and was sufficient to authorize the jury to find the new promise alleged.

Appellant insists that even if it be conceded that he said he would pay every cent he owed appellee, that could be construed to mean only such a debt or amount as was legally due, and would apply only to the portion not barred by the statute. We do not understand the rule of law to be, that before a new promise can avail to renew a debt barred by the statute the attention of the

debtor must be called to the fact that the debt is barred. Nor can it be said that a debt barred by the statute is not a legal debt. It is not enforceable if the debtor plead the statute, but the statute does not make it illegal. If it were illegal it would not be a consideration for a new promise. A new promise is sufficient although the amount to be paid is not fixed. (*Schmidt* v. *Pfau*, 114 Ill. 494.) The amount could not be stated in the promise in this case because it was a matter for computation, and the computation had not yet been made. On this promise it was proper to submit all matters in dispute to the jury to ascertain what was the amount owing to appellee, which amount appellant had promised to pay. Nothing was said or done at the time rebutting the presumption of a promise to pay, and *Wachter* v. *Albee*, 80 Ill. 47, *Norton* v. *Colby*, 52 id. 198, and *Ennis* v. *Pullman Palace Car Co.* 165 id. 161, cited by appellant, are therefore not in point. It is true, appellant denied the new promise, but the jury and the Appellate Court have found the facts against him. Nor was the promise testified to by Mrs. Carney a promise made to a stranger. She testified that appellant sent for her and told her to tell appellee that he would pay him every cent he owed him, thus making her appellant's agent for the purpose of communicating this promise to appellee. The question whether or not there was a new promise was for the jury. *Miller* v. *Cinnamon*, 168 Ill. 447.

The instructions, taken together as a whole, state the law on the subject with sufficient accuracy, and what was proper in the refused instructions was embodied in those given.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE RICKS, having been of counsel in this case in the court below, took no part in its decision here.