Michael Baietto et al., Appellees, v. Nina Baietto, Administratrix of Estate of Dominic Baietto, Deceased. Frank J. Harrison, Executor of Last Will and Testament of Nina Baietto, Deceased, Appellant. Robb J. Purcell, Administrator Pro Tem of Estate of Dominic Baietto, Deceased, Appellee.

Gen. No. 9,865.

Opinion filed April 28, 1943.

JOHN H. ARMSTRONG, of Ottawa, and FRANK J. HARRISON, of Streator, for appellant.

B. E. HAYES and ARTHUR H. SHAY, both of Streator, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Michael Baietto, Theodore Baietto, Paul Baietto, Joseph Baietto and Dominic Baietto filed claims aggregating $20,000, against the estate of Dominic Baietto, deceased, for work and labor they had performed for Dominic Baietto. The claims were allowed in the probate court. Nina Baietto, administratrix of the estate of Dominic Baietto, deceased, perfected an appeal to the circuit court of La Salle county. During the pendency of the appeal, Nina Baietto died and Frank J. Harrison, executor of her last will and testa-

ment, was substituted as a party to the suit. In the probate court there was no objection filed to the allowance of the claims, but in the circuit court Frank J. Harrison, as executor of the deceased, Nina Baietto's estate, filed objections to the claims. The case was heard before the court without a jury, and Michael Baietto was allowed $10,000, Theodore Baietto $5,000, Paul Baietto $3,000 and Joseph and Dominic Baietto $2,000. Judgment was entered for the various amounts of the claims and Frank J. Harrison, as executor of the last will and testament of Nina Baietto, deceased, prosecuted an appeal to this court. Robert Purcell, administrator *pro tem* of the estate of Dominic Baietto, deceased, does not join in the appeal.

Dominic Baietto, deceased, was a former resident of Streator, La Salle county, Illinois. He was married twice and the claimants, Michael, Theodore Baietto and Paul Baietto were children of his first wife. Joseph and Dominic Baietto were sons of a deceased son, Joseph. The father owned and operated a 30-acre tract of farm land near the city of Streator on which he grew produce for the market. Dominic Baietto was married the second time and died leaving the widow, Nina Baietto, together with the aforesaid mentioned sons and grandsons and eight daughters. The daughters are not concerned with the appeal in this case.

The claimants, the appellees, made a motion to strike the objections filed by Frank J. Harrison, executor, etc., because they claimed the estate of Nina Baietto, deceased, had no interest in the subject matter of the suit. The court overruled the motion to strike and allowed the objections to stand. It is now claimed by the appellees that the court erred in so doing. We think that the court properly overruled the motion to strike, as the appellant does have an interest in the litigation.

Madeline Greens testified for the claimants in the case. She stated that she was a daughter of Dominic Baietto, a sister to three of the claimants and an aunt of the other two. She said that she knew that all of the claimants had worked on the farm of her father for many years; that she frequently heard her father say that the boys were dissatisfied because they had never been paid for any of the work that they had done for him, and that he intended to pay them for the work. Laura Gaffino, another sister, testified that to her knowledge, her brothers and nephews had done work for a great many years on her father's farm, and she had frequently heard her father say that none of them had ever received any pay for their work, and that he intended to pay them for it.

After the death of Dominic Baietto, two instruments in writing were found, known in the record as exhibits No. 2 and 3. Madeline Greens testified that both the exhibits were in the handwriting of her father, Dominic Baietto; that the same were written in Italian; that her father could read English and speak it, but could not write it. She interpreted the writing, and the same was introduced in evidence in this case. Exhibit No. 3 is as follows: "Streator, January 11, 1937; in memory of debts I have to pay that I owe to my boys for work that they have done for me around the home, that I never have paid them. The oldest Michael Baietto, I owe him ten thousand dollars for work; Theodore Five thousand dollars for work—for labor; Peter Paul, three thousand for labor and Dominic and Joseph two thousand dollars for labor. Those are boys of my son Joseph who is deceased; in all twenty thousand dollars. From their father Dominic Baietto after my death."

The appellants objected to the introduction in evidence of exhibit No. 3, "on the ground that there was no testimony in connection with it, and it does not .

show any contract that the deceased owed anybody anything.'' We think the court properly admitted this exhibit, and it does have a direct bearing on whether there was a contract between the claimants and their deceased father to pay them for the work which they had performed, for their father during his lifetime. The testimony as to the service rendered by the claimants to their father, is uncontradicted, as the appellants did not offer any evidence to rebut any of the evidence (or exhibits).

It is claimed by the appellants that there is not sufficient evidence to show any contract between the father and sons and the grandsons to pay for their services which were rendered by them; that being close relatives of the father, the law presumes that the services would be gratuitous, and therefore the claimants have failed to overcome this presumption. In the case of *Coulson v. Hartz*, 47 Ill. App. 20 (a second district case), the same questions are raised as in this case we are now considering. First, that there was no proof of a contract between the husband and wife of any debt. Second, that if there was such proof, it was barred by the statute of limitations. In the *Coulson* case the only evidence of an indebtedness from the deceased to his widow, was a ledger account, and we there held that, that was sufficient proof that the decedent's estate was indebted to the widow, and the amount of the debt. In the present case it will be observed that exhibit No. 3 is dated at Streator, on January 11, 1937. In the absence of any evidence to the contrary, it will be presumed that this is the date that the instrument was written. The father then continues, ''In memory of debts, I have to pay, that I owe, to my boys for work that they have done for me around the home, that I never have paid them.'' The word ''debt,'' used by the father in exhibit No. 3 must be given its usual and customary meaning. It has been described as meaning, to pay that which is due

from one person to another, or that which any one is obliged to pay. Before there could be any debt due, that the father would be obliged to pay to his sons and grandsons, there must have been a contract, or agreement of some kind in order to create the debt.

The word "owe," as used by the father also has a definite meaning. Worcester's Comprehensive Dictionary describes it as "to be bound to pay, or to pay to or to be indebted to." Webster's Unabridged Dictionary defines "owe," "to have an obligation by someone, on account of something done, or received; to be indebted to, as to owe the grocer for supplies or a laborer for services." Here, we have a solemn obligation of the father acknowledging a debt that he owes to his boys and reciting the amount that he owes to each of them, and why he owes the same. This was a declaration against interest to the estate and is sufficient proof of the amount that the estate owes to each of the claimants. *Coulson v. Hartz, supra.* This case is cited and quoted with approval in *Nonotuck Silk Co. v. Pritzker,* 143 Ill. App. 644; *Edwards v. Harper,* 234 Ill. App. 296; *American Steel Foundries v. Railroad Supply Co.,* 235 Ill. App. 228, at page 252, 253.

It is also claimed by the appellants that the statute of limitations bars the rights of the claimants to recover in this case. They cite several cases to sustain this contention, but on examination of these cases we find they are not decisive of the question raised here. We quote from our former opinion of *Coulson v. Hartz, supra.* "When the balance was struck it was intended to show the amount due appellee, and we think that it was rightly regarded as an admission that the balance of $4,311.26 was then due, owing and unpaid to her. An admission, wherever found, is admissible in evidence against the person making it. But it is insisted that in order to remove the bar of the statute of limitations an express promise to appellee to pay the amount was essential. It seems to be the

rule that an express promise to pay is not necessary, but that an implied promise is a sufficient new promise to remove the bar of the statute. If the entry would be sufficient to establish the claim as an original transaction, no reason occurs to us why it would not be sufficient as a new promise. It is held that a promise will be implied from an unqualified admission that the debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it. In Ditch v. Vollhardt, 82 Ill. 134, an implied promise arising from a recognition of the debt and an express promise to pay part of it on a day named, was held sufficient, without any express promise to pay the balance. In Schmidt v. Pfau, 114 Ill. 494, it was held that the statement by Schmidt, "This matter of salary has not been settled yet—we owe you for three years' salary," clearly took the claim out of the statute, although the amount of the salary was in controversy. The balance, in the ledger was an admission by which Samuel B. Hartz acknowledged without condition or qualification that the amount there entered was due to appellee and unpaid. From such admission it seems that a promise to pay may be fairly implied. The parties were husband and wife living together, and so far as appears he kept the only account between them. This case has also been cited with approval on this branch of the case in West Pub. Co. v. Lasley, 165 Ill. App. 256; Sneed v. Parker, 262 Ill. App. 333; Herdien v. Jones, 202 Ill. App. 172, and Woodford County Nat. Bank of El Paso, Ill. v. Conklin, 292 Ill. App. 53.

We think exhibit No. 3 clearly shows and intends a promise to pay the claimants for their work and labor which they had performed, and that the same is sufficient to prove the claims and to prevent the statute of limitations from barring the claims. We find no reversible error in the case, and the judgment of the trial court is affirmed.

*Judgment affirmed.*