J. GALE BROWN, Plaintiff-Appellant, *v.* FOREST PARK FOUNDATION, Defendant-Appellee.

(No. 73-186;

Third District—February 28, 1974.

Charles Roth, of Peoria, for appellant.

Glenn J. Church, Ltd., of Peoria, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The plaintiff, J. Gale Brown, an architect, filed a complaint on October 7, 1971, for the amount he alleged was due him from the defendant, Forest Park Foundation, a not-for-profit corporation, for architectural services he had rendered in 1966 under an oral contract. The defendant filed a motion for summary judgment, claiming that the statute of limitations barred the plaintiff's cause of action. The Circuit Court of Peoria County, Illinois, granted the defendant's motion, and the plaintiff has appealed.

It appears from the plaintiff's complaint that on or about March 21, 1966, the parties "entered into an oral agreement for the design of buildings and projects, to-wit: a Liberty Plaza project, including the remodeling of the existing Rock Island Railroad train station, all to be located in the County of Peoria, State of Illinois. Plaintiff agreed to develop the schematic concepts of the buildings and projects for defendant." Preliminary blueprints and drawings were prepared by the plaintiff and

mailed to the defendant for approval on August 20 or 21, 1966. On September 1, 1966, and various later dates, the plaintiff sent the defendant a statement in the amount of $7,981.77 for architectural services rendered during the months of June, July, and August 1966. On October 17, 1966, the defendant sent the plaintiff a letter requesting more time to decide what steps were to be taken next. On November 8, 1966, the defendant wrote the plaintiff that "no further work is authorized." The complaint which was filed on October 7, 1971, sought recovery of $7,-981.75 plus interest for services performed under the contract, or $12,974.14 on a quantum meruit basis.

The plaintiff contends that he was hired to be the supervising architect, not just to prepare preliminary designs as the defendant maintains; that there was no agreement for monthly billing and no breach of any such agreement, as the defendant also maintains; that the statute of limitations on a "continuing contract for services" does not begin to run until performance has been completed, a breach has occurred, or the relationship is otherwise terminated, as he says was accomplished by the defendant's letter of November 8, 1966; and that the dispute as to what he was hired to do, how he was to bill for his services, and when the contractual relationship ended made it improper for the trial court to render a summary judgment.

The defendant's position is that the excerpts from the plaintiff's discovery deposition and other documents attached to the defendant's motion for summary judgment show that there is no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law, the plaintiff's cause of action having arisen, in the defendant's view, on or before September 1, 1966. In the excerpts from the deposition the plaintiff admitted that he was not authorized at any time to go beyond the schematic design phase, except for making certain cost estimates which had been specifically requested; that everything required of him under his agreement with the defendant, including providing the cost estimates, was furnished by September 1, 1966; that after September 1, 1966, he performed no further services for the defendant; that after September 1, 1966, the next step was for the defendant to let the plaintiff know if it wanted anything more; and that he had said he would endeavor to submit bills on a monthly basis.

The deposition appears to us to make it quite clear that the plaintiff was not hired as supervising architect. He testified that by September 1, 1966, he had finished everything he was authorized or required to do. This renders inapplicable those cases involving continuing services pertaining to a single transaction. (*Cf. O'Brien v. Sexton,* 140 Ill. 517; *Ca-*

*tholic Bishop of Chicago v. Bauer,* 62 Ill. 188; *Otto v. Kropp,* 105 Ill. App.2d 464; 54 C.J.S. *Limitations of Actions,* sec. 133, p. 50.) The plaintiff after September 1, 1966, had no contractual obligation to perform or provide continuing services for the defendant; the work he was to do was done.

The deposition, together with the statements sent, can leave no doubt that the plaintiff's claim is for services which were performed in June, July, and August of 1966. On the completion of those services, which constituted entire performance of the contract on his part, the plaintiff acquired the right to commence an action to enforce his claim, and the statute of limitations then began to run. (51 Am.Jur.2d *Limitation of Actions,* sec. 107.) If there had been a firm agreement for monthly billing, as to which there appears to be some doubt, it could not have delayed the running of the statute any later than September 1, 1966, and so its existence could not be considered a material fact. *Cf. Ennis v. Pullman Palace Car Co.,* 165 Ill. 161, 174.

■■ It thus appears that there is no genuine issue as to any material fact, and that the 5-year statute of limitations applicable to oral contracts, section 15 of the Limitations Act (Ill. Rev. Stat. 1971, ch. 83, sec. 16), bars the plaintiff's claim. (*Block v. W. W. Kimball Co.,* 305 Ill.App. 492.) Where the record shows that there is no genuine issue of material fact, and the court finds as a matter of law that there is a complete defense to the plaintiff's cause of action, it is the duty of the court, under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 57), to render summary judgment for the defendant. (*Kirby v. General Motors Corp.,* 10 Ill.App.3d 92, 96.) Denying summary judgment, in a case like this, might be considered to be inviting the plaintiff to commit perjury by reconstructing his testimony in court so as to avoid the consequences of his deposition. (*Meier v. Pocius,* 17 Ill.App.2d 332, 335.) Accordingly, we find that entry of summary judgment for the defendant was proper. The judgment of the Circuit Court of Peoria county is affirmed.

Judgment affirmed.

SCOTT and STOUDER, JJ., concur.