FRANK A. SCHMIDT, Plaintiff-Appellant, v. LINDA DESSER, Ex'r of the Estate of Arthur Desser, Deceased, et al., Defendants-Appellees.

First District (3rd Division)    No. 78-1566

Opinion filed March 5, 1980.

D. L. Bertelle and Collins & Amos, both of Chicago, for appellant.

Howard B. Abrams, of Chicago (William J. Harte, Ltd., of counsel), for appellees.

Mr. JUSTICE SIMON delivered the opinion of the court:

An agreement deferring the payment of an unliquidated sum owed to the plaintiff did not fix the amount due. When the plaintiff brought suit on the underlying debt, the statute of limitations had already run. Because the oral agreement deferring the payment did not fix a definite amount that the debtor owed, it did not toll the statute.

On April 20, 1965, Frank A. Schmidt, the plaintiff, sued Keith Desser and several of Desser's business corporations on an oral employment agreement. Schmidt sought an accounting and a money judgment. Between the time of filing and 1972 the suit was dismissed several times because of problems with service and lack of prosecution, but each time it was reinstated. In 1972 the suit was once again dismissed for want of prosecution. A new suit was filed in its place under section 24 of the Limitations Act (Ill. Rev. Stat. 1965, ch. 83, par. 24a), joining the same defendants as parties and alleging the same cause of action. In 1973 Desser died. His executor and the administrator of his estate were substituted as defendants, but the plaintiff again encountered difficulties in obtaining service. All parties finally appeared in court on June 22, 1978, when the circuit court dismissed the complaint on the ground that it was barred by the statute of limitations.

Accepting the well-pleaded facts of plaintiff's complaint and bill of particulars as true, it appears that in September 1958 Desser set up a partnership and several corporations to develop real estate in the Lansing-Lynwood region of Cook County. He asked the plaintiff, an experienced real estate broker, to obtain options on some parcels of land for him. The two orally agreed that Schmidt was to assemble the undeveloped acreage "with reference to" the customary fee that real estate brokers received. At the time, the customary fee in Lansing-Lynwood for the acquisition of undeveloped real estate was 6 percent of the eventual sales price.

Between July 19 and December 6, 1959, Schmidt obtained 32 options on over 2200 acres for Desser. Schmidt generally paid out no more than $10 for each option, for which he was reimbursed. Desser eventually exercised these options and paid a total of $3,141,516 for the parcels involved. Schmidt also worked to obtain favorable zoning of the area for Desser by opposing zoning attempts of the Village of Lansing, and was

instrumental in incorporating the Village of Lynwood on January 6, 1960. However, in 1960 Desser's businesses suffered financial difficulties. On November 21, 1960, Desser and Schmidt orally agreed to defer payment of the sums due to Schmidt until November of 1964. No attempt was made to determine the amount owed to Schmidt at the time.

■■ Schmidt's suit sought 6 percent of the sales price of the options, as well as $25,000 as the reasonable value of his services in obtaining the incorporation of Lynwood. Both claims fell under the 5-year limitations period of section 15 of the Limitations Act (Ill. Rev. Stat. 1965, ch. 83, par. 16). A cause of action on an oral contract for services accrues when the services are completed. (*Brown v. Forest Park Foundation* (1974), 17 Ill. App. 3d 718, 720, 308 N.E.2d 310, 312.) The statute of limitations thus began to run no later than January 6, 1960, the last date on which Schmidt claims to have performed services for Desser. Unless the statute was tolled, the 5 years in which Schmidt could bring suit had expired when he filed his 1965 complaint. Under section 24 of the Limitations Act (Ill. Rev. Stat. 1965, ch. 83, par. 24a), the 1972 complaint, of course, stood or fell on the timeliness of the 1965 complaint which preceded it.

Schmidt argues that the 1960 agreement to defer payment was a new promise to pay which tolled the running of the statute of limitations. However, neither the original oral contract nor the later agreement to defer payment settled on a specific amount for Schmidt's compensation. The complaint alleges that the parties "contracted with reference to" the customary fee in the original agreement, but that no agreement on the sum due and owing Schmidt was made at the time of the agreement to defer payment. Schmidt has not pleaded whether the parties intended that he was to receive the customary 6 percent or some percentage or multiple of it. The question is thus whether a new promise to pay which does not liquidate the amount of the claim can toll the statute of limitations.

The treatises reflect a split among the jurisdictions on the issue. (1A Corbin, Contracts §218, at 310 (2d ed. 1963); 1 Williston on Contracts §188, at 721-22 (3d ed. 1957).) Illinois courts have also split on the issue. A series of cases holds that a new promise to pay will take the case out of the statute of limitations even if the amount of the claim is not fixed. (*Neish v. Gannon* (1902), 198 Ill. 219, 64 N.E. 1000; *O'Hara v. Murphy* (1902), 196 Ill. 599, 63 N.E. 1081; *Schmidt v. Pfau* (1885), 114 Ill. 494; *Baietto v. Baietto* (1943), 319 Ill. App. 8, 48 N.E.2d 726.) An equally impressive line of cases holds that in order to remove the bar of the statute of limitations a new promise to pay must arise out of such facts as identify the debt with such certainty as to determine its character, fix the amount due and show a present unqualified willingness and intention to pay. (*Waldron v. Alexander* (1891), 136 Ill. 550, 27 N.E. 41; *Keener v. Crull* (1857), 19 Ill.

189; *O'Neill v. Reaman* (1948), 335 Ill. App. 327, 81 N.E.2d 749; *Hopkins v. Loeber* (1946), 329 Ill. App. 423, 69 N.E.2d 104; *Swanson v. Willrett* (1929), 254 Ill. App. 92; *Nonotuck Silk Co. v. Pritzker* (1908), 143 Ill. App. 644; *C. H. Albers Commission Co. v. Sessel* (1900), 87 Ill. App. 378; *Neustacher v. Schmidt* (1888), 25 Ill. App. 626.) Surprisingly, neither of these two lines of cases analyzes or even makes mention of the other.

■■ The best rule to follow is that the debtor cannot take the case out of the statute of limitations with a new promise to pay unless there is explicit agreement in the new promise on the amount of the claim. Without the amount being fixed, the case is like that described in *Neustacher v. Schmidt* (1888), 25 Ill. App. 626, 631:

> "The Statute of Limitations is a statute of repose passed on considerations of public policy for the general good of society. After the lapse of the statutory period the debt is conclusively presumed to be paid. The debt may be revived by a definite promise to pay the debt after stating the amount or referring to something like a promissory note wherein the amount is definitely fixed. Nothing of the kind is done here; the entire controversy is left open the same as it was before the statute had run."

Strong policy reasons require a liquidated amount in a new promise, even though no provision setting forth a liquidated amount may be necessary in the initial agreement. A new promise to pay which tolls the statute is not like a normal bargain. The normal bargain creates reciprocal rights. Where the amount is left open, it can be supplied by examining the reasonable value received. But the new promise to pay does more than confirm existing reciprocal rights. It takes away from the debtor the unilateral, absolute protection that the Limitations Act affords. A debtor should not lose this protection of the law without knowing its value to him, and he cannot know the value unless he knows the amount of the claim which will no longer be sheltered by the statute. See *Tassin v. Allstate Insurance Co.* (La. App. 1975), 310 So.2d 680, 685.

■■ In addition, the policy behind the Limitations Act is to accelerate the settlement of controversies so that litigation follows as closely as possible the facts out of which the dispute arose. (*Nogle v. Nogle* (1964), 53 Ill. App. 2d 457, 463, 202 N.E.2d 683, 686.) Where a claim is unliquidated the creditor who cannot collect has an incentive to bring suit and determine the amount due to him within the limitations period, for if he does not he will never be able to collect anything. A new promise to pay which does not liquidate the amount of the claim while at the same time extending it removes the incentive for quickly bringing suit and might lead to litigation to determine the amount of the claim many years after the fact, when witnesses had scattered and memories dimmed. By requiring that the statute of limitations is not tolled unless the new promise liquidates the

claim, Illinois courts are spared the task of litigating a difficult question based on stale evidence.

The Schmidt and Desser agreement to defer payment until 1964 put off the question of the amount of compensation. It therefore did not toll the statute of limitations. Schmidt still had time to bring his suit within the limitations period when the deferral agreement expired. When he did not the complaint was correctly dismissed as time-barred. Because the circuit court's stated reason for dismissing the case was correct, we do not address the other questions raised by the parties on appeal. It is clear, however, that this litigation, which has been brewing in the circuit court of Cook County in one form or another for the past 15 years, should have had an end put to it long ago. We hope that our affirmance will accomplish this and put a merciful end to this protracted dispute.

Judgment affirmed.

McGILLICUDDY, P. J., and RIZZI, J., concur.