**P-K TOOL & MFG. CO., Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

No. 85 C 1297.

United States District Court, N.D. Illinois, E.D.

June 26, 1985.

---

Robert E. Zeitner, Chicago, Ill., for plaintiff.

Joseph J. Hasman, Ernest W. Irons, Jack Daulton, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Defendant, General Electric Company ("G.E."), has moved this Court for an order dismissing Count II of plaintiff's, P–K Tool & Mfg. Co. ("P–K"), complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has moved for leave to file an amended complaint. For the reasons stated below, P–K's motion for leave to file an amended complaint is granted. G.E.'s motion, considered as a motion to dismiss Count II of the amended complaint, is granted.

## I. FACTS

In considering a motion to dismiss under Rule 12(b)(6), a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). The following facts are alleged by P–K in its amended complaint.[1] For purposes of this motion, the Court assumes they are true. *City of Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976).

In 1974 G.E. sought to obtain a second source for the purchase of a metal stamping referred to as "the blade." The same year P–K quoted G.E. tooling and production prices for the blade. P–K alleges that G.E. accepted the terms and conditions of P–K's quotation, including the condition that G.E. leave the tooling with P–K for the first 3,000,000 pieces of the blade. P–K alleges that it furnished the necessary tooling work in 1976 under a G.E. purchase order. During 1977 and early 1978, P–K further alleges that it performed purchasing, manufacturing and testing services for G.E. As a result of these services, G.E. changed its material specifications, which led to an improved manufacturing process and greater uniformity in the blade. P–K claims that the reasonable value of these services is $5,000, and that G.E. would be unjustly enriched if it was allowed to retain this benefit, without being required to pay for them.

P–K also alleges that to produce the blade, G.E. required P–K to purchase raw material in billets of steel which met specific G.E. standards. A billet produces approximately 400,000 to 460,000 pieces of the blade. P–K alleges that in 1978, G.E. authorized P–K to purchase a billet of steel. Furthermore, in May of 1978, October of 1979 and March of 1981, P–K made purchases of raw materials pursuant to releases on open ended purchase orders placed by G.E. P–K alleges that in December of 1983, G.E., without prior notice, notified P–K that no further releases for the blade would be issued, and in doing so breached their contract. In Count II of the amended complaint, P–K seeks payment for the services furnished in 1977 and early 1978 on a quantum meruit basis.

In support of its motion to dismiss Count II, G.E. argues that P–K's quantum meruit claim, being a claim on an implied contract, is subject to the five-year statute of limitations period within Section 13–205 of the Illinois Code of Civil Procedure, which governs "actions on unwritten contracts, expressed or implied." G.E. further argues that because P–K's complaint was filed in February of 1985, more than six years af-

---

1. The amended complaint does not add new factual allegations but rather incorporates by reference paragraphs 12 through 22, inclusive, of Count I into Count II. Plaintiff's Answering Memorandum, at ¶ 10.

ter the services were completed, the claim is barred.

In response, P–K argues that its claim did not accrue until December of 1983, because the services were performed under one continuous contract, which was not breached until that December of 1983. P–K therefore contends that the complaint was filed within the required statutory period. G.E., however, argues that when services are performed to gain a business advantage or enhance an already existing contract, quantum meruit recovery is not possible. Accordingly, G.E. argues that not only does the amended complaint fail to cure the statute of limitations problem, but it also destroys the substantive merits of P–K's quantum meruit claim.

## II. DISCUSSION

■ Recovery predicated on a quantum meruit theory is a claim "on a contract implied by law." *Edens View Reality & Investment, Inc. v. Heritage Enterprises, Inc.*, 87 Ill.App.3d 480, 42 Ill.Dec. 360, 408 N.E.2d 1069, 1075 (1st Dist.1980). Section 13–205 of the Illinois Code of Civil Procedure, Ill.Rev.Stat. ch. 110, § 13–205 (1983), provides:

> "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

A quantum meruit claim based on a contract implied by law is therefore subject to the five-year statute of limitation period under Section 13–205 of the Illinois Code of Civil Procedure.

■ A cause of action on an oral contract or on a quantum meruit theory accrues when the services are completed. *Schmidt v. Desser*, 81 Ill.App.3d 940, 37 Ill.Dec. 206, 401 N.E.2d 1299 (1st Dist. 1980). The services for which P–K seeks payment were performed in 1977 and early 1978. P–K filed its complaint in February of 1985, more than six years from the time when the services were completed. Therefore, without more, P–K's quantum meruit claim is barred by Section 13–205 because the complaint was not filed within the required five-year period.

P–K, however, argues that its cause of action accrued in December of 1983, and not in early 1978. P–K bases this argument on the theory that the services were performed under one continuous contract which was not breached until December of 1983. For this reason, P–K contends that the complaint was filed within the required statutory period.

■ The Court finds that this argument not only fails to cure the statute of limitations problem, but it also destroys the substantive merit of the claim. Quantum meruit relief cannot be obtained where the benefit is conferred officiously or gratuitously or where the services were rendered to gain a business advantage or where the defendant could not have reasonably believed that the plaintiff expected a fee. *Euramca Ecosystems v. Roediger Pittsburgh, Inc.*, 581 F.Supp. 415 (1984). Also, "as a general rule, quasi contractual claims such as quantum meruit cannot arise when a contract exists between the parties concerning the identical subject matter upon which the quasi-contractual claim rests." *Euramca Ecosystems v. Roediger Pittsburgh, Inc.*, 581 F.Supp. 415 (1984); *Industrial Lift Truck v. Mitsubishi International Corp.*, 104 Ill.App.3d 357, 60 Ill.Dec. 100, 432 N.E.2d 999 (1982). In *Industrial*, the plaintiff sought recovery for services it performed not expressly covered under the contract between the parties. The plaintiff in that case developed design changes to the defendant's benefit. There, the court stated that "[p]arties to a contract often perform services not expressly demanded by the contract. They do so to enhance their position under the contract and not because they expect a different renumeration for those services from what they could receive under the contract." *Industrial, supra*, 432 N.E.2d at 1002. That court further stated that "the benefit received by defendant can hardly be considered unjust." *Id.* at 1003. In this case,

P–K performed the services under an existing contract with G.E. The services were not expressly covered by the contract between the parties. Since P–K furnished the services to enhance its position under the contract, relief is not available under a quantum meruit claim. *Industrial Lift Truck v. Mitsubishi International, Corp.*, 104 Ill.App.3d 357, 60 Ill.Dec. 100, 432 N.E.2d 999 (1982). P–K, by amending its complaint, not only failed to overcome the statute of limitations defense, but also destroyed the substantive merit of its quantum meruit claim. Therefore, G.E.'s motion to dismiss Count II of the amended complaint is granted.

### III. CONCLUSION

P–K is granted leave to file its amended complaint. G.E.'s motion, considered as a motion to dismiss Count II of the amended complaint, is granted.

IT IS SO ORDERED.